(79 N. W. Rep. 1071.)

---

STATE OF NORTH DAKOTA *vs.* JOHN CRAWFORD.

Opinion filed October 7, 1899.

**Burglary—Entry by Insertion of Instrument and Removal of Property.**

> In cases of burglary, where one and the same instrument is used both for the purpose of breaking and for the purpose of committing an ulterior crime within the building, it will suffice to show an entry by showing that the instrument so used was thrust into the building and was used in committing the ulterior offense, without showing that the accused entered the building in person.

**Boring Holes in Granary with Auger Thus Causing Wheat to Escape Constitutes a Breaking and Entering.**

> The defendant was informed against for the crime of burglary in the third degree. The evidence tended to show that the defendant in the night time bored three holes with a two-inch auger through the walls of a granary, and into a mass of wheat stored therein. The weight of the grain forced several bushels of wheat to pass out of the aperture caused by the auger, which wheat, the evidence shows, was taken away and sold by the defendant. Upon this evidence the trial court directed the jury to acquit upon the ground that the evidence failed to show an entry into the granary. *Held*, that the ruling was error.

**Evidence of Intent to Steal.**

> *Held*, further, that the intent to steal within the granary is sufficiently shown by the fact that the wheat which was stored inside of the granary was by defendant's agency transferred from the inside to the outside of the granary. It is true that the law of gravitation cooperated with the defendant in removing the wheat; but the defendant by his own act set the law in motion upon the inside of the building, and thereby accomplished his criminal purpose.

Appeal from District Court, Cass County; *Pollock*, J.

John Crawford was indicted for burglary in the third degree and acquitted by direction of the Court, and the state appeals.

Reversed.

*Fred B. Morrill*, state's attorney, (*Edward Engerud* of counsel) for appellants.

The appeal in this case is by the state pursuant to Subd. 5, § 8329, Rev. Codes. The boring of holes into a granary and thereby extracting grain therefrom is such a breaking and entering of the building as to constitute burglary. 2 Bish. New. Cr. L. § 92, Subd. 2 and 3; 2 Whart. Cr. L. § 1549, 1550. In England it was held that the sending of a child of tender years into a building to take property, was sufficient entry to constitute burglary by the person directing the deed. The point in issue was decided upon a statute defining burglary in the same language as our own. Rev. Codes, § 7406; *Walker* v. *State*, 63 Ala. 49, 35 Am. Rep. 1. Where the instrument used to do the breaking is insufficient to further aid in the commission of the crime; and is used only for the breaking and with no other purpose, the crime is not complete. Hughes. Case, 1 Leach C. C. 178 cited in *Walker* v. *State*, 35 Am. Rep. 3. But when the instrument is introduced for the purpose of taking the property, or for the purpose of both breaking and taking the property by one and the same act, the offense is complete. 4 Ala. 643; 39 Am. Dec. 314. Appellants second assignment of error, viz: "that the Court erred in releasing the defendant without bail pending appeal," depends upon the question whether respondent can again be tried for the same offense in the event of reversal. Secs. 8334, 8358 and 8350, Rev. Codes. But see Sec. 13, Const.

*David R. Pierce*, for respondent.

It is admitted that the proof establishes the boring by respondent of three auger holes through the side of the granary, below the surface line of the wheat therein contained, the same so communicating as to form one large hole through which the grain could escape. But this use of the instrument for making the break, in the absence of all evidence that the auger was introduced into the building for the purpose of aiding respondent in stealing within the building, is insufficient to show an entry. 2 Bish. New Cr. L. § 93; *Reg* v. *O'Brien,* 4 Cox. C. C. 398; *Rex* v. *Rust,* 1 Moody 183; *Rex* v. *Hughes,* 1 Leach 183; 1 Roscoe's Cr. Ev. 366; 1 Hale's P. C. 555; 2 East P. C. 490; Hawk P. C. Bk. 1, Ch. 38, §'11. The entry must appear to have been made with the immediate intent to commit a felony as distinguished from the previous intent to procure admission. *State* v. *McCall,* 4 Laws Cr. Def. 855, 39 Am. Dec. 314; 1 Leach 452; 2 Arch. Cr. Pr. & Pl. 1084; Clark Cr. L. 235.

WALLIN, J. The record in this case shows that the defendant was charged with the crime of burglary in the third degree, by an information filed against him by the state's attorney of the county of Cass, and that the defendant pleaded not guilty to such charge, whereupon a trial was had. At the close of the testimony offered in behalf of the state, and on motion of counsel for the defendant, the trial court advised and practically directed a verdict of acquittal, and such verdict was accordingly returned. The defendant was then discharged from custody, despite the protest of the state's attorney, who requested the Court to hold the defendant to bail pending an appeal of the case in this Court. The state's attorney assigns as error the direction to acquit, and the refusal of the trial court to. hold the accused to bail pending the appeal.

There is no conflict of evidence in the case, nor is there any dispute between counsel as to the facts. The evidence shows that at the time and place stated in the information there was a certain building used as a granary, in which there was stored in bins about 800 bushels of wheat, and that in the night time three holes were bored with a two-inch auger through the walls of the granary, and into one of the wheat bins. The three holes were so connected together as to make one large opening through the walls, and into the wheat bin. It further appears that there was a depression in the mass of wheat directly over the aperture made by the auger, indicating that wheat had passed out of the bin through such aperture to the amount of several bushels, and, further, that some wheat was spilled on the ground directly under the opening through the wall of the granary. Other evidence tended to connect the defendant with the felonious asportation and sale of the grain. Upon this evidence the question is presented whether the state had made out a prima facie case when the evidence closed and the state rested its case. Defendant's counsel contends that the state had failed to establish two of the three essential elements of the crime charged, viz: the entry into the granary, and the intent to steal therein. In support of this theory, attention is called to the evidence which

clearly indicates how the grain was extracted from the granary, and negatives the idea that the person who bored the holes through the walls went inside the building to steal therein, or for any purpose whatever. Nor is it claimed in behalf of the state that the accused personally went inside the granary for any purpose. As to the intent to steal inside the granary, the evidence, in our judgment, leaves no room for doubt. The accomplished fact clearly reveals the motive and purpose with which the act was done. The wheat was stored within the granary, and the evidence tends to show that the same was by the acts and agency of the accused taken possession of while in the granary, and removed from the inside of the granary to the outside, and was thereafter taken away from the premises in the night time. The defendant, under the evidence, acquired dominion over the grain taken while the same was within the building, and his intention to do so is too clear for discussion. It is true that the accused was aided by natural laws in taking possession of the grain within the granary, but such laws were deliberately invoked and set in motion by the acts of the defendant, done by his agency operating within the building.

But counsel most strenuously contends that inasmuch as the evidence shows that the grain was removed through the opening made with an auger, and not otherwise, it therefore appears affirmatively that the defendant did not and could not have gone into the building, and hence that the state failed to establish the essential element of an entry. We cannot accept this conclusion from the evidence. It is manifest that the auger guided by the person who bored the holes passed through the walls of the granary into the mass of wheat therein, and also manifest that it was the auger operating within the building which set the law of gravitation in motion, and thereby enabled the man guiding the auger to remove the property from within the building to the outside. Using the auger for the double purpose of breaking and taking possession of the property within the building brings the case within the rule announced in the authorities hereafter cited. We quote first from the authorities cited by defendant's counsel. The rule is expressed in Bishop's New Criminal Law (volume 2, § 93) as follows: "And there is no burglary if simply the tool used for breaking goes in, and neither any part of the person nor the instrument by which the ulterior felony is to be perpetrated does." The same section contains the following language: "Thus, to raise a window by placing the hands outside of it, and then thrust in a bar for forcing open the inside shutter, or to make a hole through a door with a centerbit, whereby some of the chips fall in, is insufficient, because neither the bar nor the centerbit was to be employed about the ulterior felony." Another text writer cited by defendant's counsel puts the rule as follows: "Whether the introduction of an instrument will be such an entry as to constitute burglary depends upon the object with which the instrument is employed. Thus, if the instrument be employed, not merely for the purpose of making the entry, but for the purpose of

commiting the contemplated felony; as where a man puts a hook or other instrument to steal, or a pistol to kill, through a window, though his hand is not in, this is an entry. See 1 Rosc. Cr. Ev. *366, citing other authority. The rule as announced in these authorities seems to be well established, and generally acquiesced in without dissent; and as, in our judgment, it applies to the facts of this case, it will govern our decision. As has been seen, we hold, under the evidence, that the auger was used first in breaking, and again deliberately used for the purpose of committing the ulterior crime of stealing wheat within the granary, thereby constituting an entry. within the rule. Counsel for the state has cited extracts from other text writers, but we deem it unnecessary to quote them in support of a rule so well established. The case of *Walker* v. *State*, 63 Ala. 49, is directly in point. In that case the crime charged was burglary. and it was committed by boring a hole with an auger into a granary in which grain was kept, and by this means the grain was removed from the granary. In the course of the opinion the Court used the following language: "When one instrument is employed to break, and is without capacity to aid otherwise than by opening a way of entry, and another instrument must be used, or the instrument used in the breaking must be used in some other way or manner to consummate the criminal intent, the intrusion of the instrument is not of itself an entry. But when, as in this case, the instrument is employed not only to break but to effect the only entry contemplated or necessary to the consummation of the criminal intent; when it is intruded within the house, breaking it, effecting an entry, enabling the person introducing it to consummate his intent,—the offense is complete. The instrument was employed not only for the purpose of breaking the house, but to effect the larceny intended. When it was intruded into the crib, the burglar acquired dominion over the corn intended to be stolen. Such dominion did not require any other act on his part. When the auger was withdrawn from the aperture made with it, the corn ran into the sack he used in its asportation. There was a breaking and entry, enabling him to effect his criminal intent without the use of any other means, and this satisfies the requirements of the law." This case seems to us not only to be intrinsically sound in legal principle, but one which apparently is sustained by the unanimous voice of authority upon the question. The order directing an acquittal will be reversed upon the ground that it was error to hold that the evidence did not tend to establish an entry. The case should have been submitted to the jury with proper instructions upon the matter of the entry, as well as upon the other legal aspects of the case.

We are of the opinion that this Court cannot properly consider the other assignment of error, viz: that predicated upon the refusal of the trial court to hold the accused to bail pending an appeal from the order directing an aquittal. Such refusal occurred after the order appealed from was made, and the same is in no manner connected

with the merits of the order from which an appeal is taken. All the judges concurring.