STATE OF NORTH DAKOTA, Appellant, v. IRA KELSEY, Respondent.

(190 N. W. 817.)

**Criminal law — supreme court has no jurisdiction to determine moot questions.**

   1. In a criminal prosecution for unlawfully possessing intoxicating liquor,

Note.—On power of court to decline jurisdiction of moot question, see note in 6 B. R. C. 340.

On jurisdiction of the supreme court over judgments of state courts, see 27 R. C. L. 82; 3 R. C. L. Supp. 1504; 4 R. C. L. Supp. 1728; 5 R. C. L. Supp. 1463.

where evidence concerning the seizure under a search warrant was rejected and no evidence was offered or introduced that intoxicating liquors were found in defendant's possession, and where defendant has appealed from an order directing the jury to find for defendant and from a judgment of acquittal, it is *held*, that the questions presented are moot and the court has no jurisdiction thereover.

**Criminal law — state has no right to appeal where court loses jurisdiction of defendant.**

2. Where, in such criminal action, the trial court has advised a verdict, and a verdict and judgment of acquittal were returned, defendant's bondsmen exonerated and defendant discharged, thereby devesting the trial court of all jurisdiction in the action, it is *held*, for reasons stated in the opinion, that the state, under § 10993 Comp. Laws 1913, possesses no right of appeal.

Opinion filed October 30, 1922.

Criminal Law, 17 C. J. § 3312, p. 45 n. 74; § 3543 p. 203 n. 85.

Criminal action in District Court, Sargent County, *McKenna*, J.

State has appealed from an order directing jury to find for defendant and from judgment of acquittal.

Appeal dismissed.

*S. A. Sweetman,* State's Attorney, and *Sveinbjorn Johnson,* Attorney General, for appellant.

*Curtis & Remington* and *A. Leslie,* for respondent.

## Statement.

BRONSON, J.    This is a criminal prosecution for unlawfully possessing intoxicating liquors. The state has appealed from an order advising a verdict of acquittal and from the judgment of acquittal. At the trial the only witnesses called were the justice of the peace and the sheriff. The state attempted to prove, through an affidavit for a search warrant and the sheriff's return thereupon, that the premises described therein were searched, certain intoxicating liquors found and taken into sheriff's custody. The offer of such evidence, upon objection made, was refused. The defendant moved for an advised verdict. The state asked for a stay of proceedings. It was not granted. The court advised the jury to return a verdict of not guilty. This was done, defendant's

bondsmen were exonerated, and he was discharged. The state claims the right of appeal under a statute which provides that an appeal may be taken by the state from an order of the court directing the jury to find for the defendant. Comp. Laws, 1913, § 10,993. Defendant's counsel appears before the court and states that he is appearing only pursuant to his public duty as an attorney and at his own expense, for the reason that the fortunes of his client are not concerned.

## Decision.

Concerning the sufficiency and admissibility of the search warrant, the affidavit therefor, and the return thereupon, it is evident that the questions presented are moot. If it be conceded that a legal controversy still remains, nevertheless, since evidence was neither introduced nor offered that the intoxicating liquors were found in defendant's possession, the questions are moot. Furthermore, since the determination of such questions can affect only the rights of other persons as they may perchance be brought into controversy in some case or cases where such persons will be entitled to be heard thereupon, they are moot.

In our Constitution, similar to the Federal Constitution, it is provided that no person shall be twice put in jeopardy for the same offense. N. D. Const. § 13.

Section 10,993, Comp. Laws, 1913, otherwise provides for an appeal by the state, viz.: (1) From a judgment for defendant or a demurrer to an information or indictment; (2) from an order granting a new trial; (3) from an order arresting judgment; (4) from an order made after judgment affecting any substantial right of the state. All of these provisions contemplate proceedings available in a case where the court retains jurisdiction over defendant's person. In this case when the court rendered a judgment of acquittal, exonerating the bondsmen and discharging the defendant, its jurisdiction over the defendant ceased. No actual controversy concerning the subject-matter or the defendant remained. District courts have original jurisdiction in cases at law and in equity. N. D. Const. § 103. Concerning such, this court has an appellate jurisdiction. N. D. Const. § 85. To give to the statute an interpretation requiring this court to exercise its appellate jurisdiction concerning questions which are not at issue in any pending case, or in

a case over which the trial court has retained any jurisdiction, and further, requiring this court to determine a mere moot question where presentation alone is required by the state involves seriously the constitutionality of such statute. See 17 C. J. 45; United States v. Evans, 213 U. S. 297, 53 L. ed. 803, 29 Sup. Ct. Rep. 507; State v. Miller, 14 Ariz. 440, 130 Pac. 891; District of Columbia v. Burns, 32 App. D. C. 203; State v. Lee, 65 Conn. 265, 27 L.R.A. 498, 48 Am. St. Rep. 202, 30 Atl. 1110; People v. Miner, 144 Ill. 308, 19 L.R.A. 342, 33 N. E. 40. See also State v. Bronkol, 5 N. D. 507, 513, 67 N. W. 680; State v. Hazledahl, 2 N. D. 521, 529, 16 L.R.A. 150, 52 N. W. 315. We have not overlooked State v. Crawford, 8 N. D. 539, 46 L.R.A. 312, 73 Am. St. Rep. 772, 80 N. W. 193, 14 Am. Crim. Rep. 117. The questions here considered were not considered in that case.

It follows that the statute cannot constitutionally confer upon this court the power to review an order advising a verdict for defendant where, as in the instant case, such verdict of acquittal has been returned. The appeal is accordingly dismissed.

BIRDZELL, Ch. J., and ROBINSON, and CHRISTIANSON, JJ., concur.

GRACE, J. (specially concurring). I am of the opinion that the questions presented are moot, and that for this reason the appeal should be dismissed.