# STATE OF NORTH DAKOTA, Appellant, v. PASQUALE BURDO, Respondent.

(209 N. W. 657.)

**Criminal law — defendant acquitted on an advised verdict — cash bail returned to him — state does not have right of appeal.**

Where, in a criminal prosecution for bootlegging, the trial court has advised a verdict and a verdict of acquittal is returned, cash bail delivered to the defendant, and he is discharged, it is held, following State v. Kelsey, 49 N. D. 148, that the state does not have a right of appeal.

Opinion filed April 14, 1926.

Criminal Law, 17 C. J. § 3318 p. 45 n. 74; § 3543 p. 203 n. 85.

Appeal from the District Court of Ward County, *Lowe,* J.

Appeal dismissed.

*George F. Shafer,* Attorney General, *Philip Elliot,* Assistant Attorney General, and *H. E. Johnson,* State's Attorney, for appellant.

*L. J. Palda,* for respondent.

PER CURIAM. Defendant was informed against on the charge of bootlegging. On March 7, 1924, at the conclusion of the state's case, the district court, on defendant's motion, advised a verdict of not guilty. From the record it appears that the trial court was of the opinion that a verdict of guilty, if found, would have to be set aside on the ground that the officers, on whose testimony the state relied for a conviction, had entrapped the defendant into a violation of the prohibition, law; also since the witnesses and the defendant were co-conspirators, that their testimony was not sufficiently corroborated by other evidence. The jury accordingly returned a verdict of not guilty. The state served a notice of appeal upon the defendant's attorney, reciting therein that it desired to appeal from the order of the district court advising a verdict of not guilty. In the notice of appeal, the state demands a review of the entire record.

Note.—Right of state to appeal in criminal case, see annotation in L.R.A.1915F, 1093; 8 R. C. L. 169; 2 R. C. L. Supp. 567.

The state contends that the trial court erred in advising a verdict of not guilty and that from this order an appeal may be taken, under subdivision 5 of § 10,993, Comp. Laws, 1913.

The defendant contends, first, that an appeal does not lie; that the question is moot because a verdict of not guilty was returned by the jury, citing State v. Kelsey, 49 N. D. 148, 190 N. W. 817; and, that, in any event, on the merits the court did not err in advising a verdict for the reason that the state's evidence conclusively and indisputably shows a case of entrapment.

The record in the case shows that a verdict of not guilty was returned; that the defendant was discharged, and the cash bail which he deposited was returned to him.

This appeal is controlled by State v. Kelsey, supra. The two cases are not distinguishable on the facts, and that decision, therefore, is conclusive and the appeal must be dismissed.

We are asked by the state to examine the rulings of the trial court pertaining to the question of entrapment. In the circumstances we deem it better to let the law on that subject be settled in a case where the issue is necessarily and properly before the court. The records of this court, as well as matters which we may judicially notice, do not suggest that the question arises frequently, or is one of such difficulty and public importance that we should express an opinion thereon which, in the view we take, would be merely advisory in character.

The appeal is dismissed.

CHRISTIANSON, Ch. J., and JOHNSON, NUESSLE, BIRDZELL, and BURKE, JJ., concur.