PEARSON, Judge.
Theo Miller, was found guilty of breaking and entering a building with intent to commit a misdemeanor. He has appealed the judgment and presented four points for consideration.
Only the first point merits discussion. It is that the evidence was insufficient to sustain the conviction because there was no proof that the appellant entered the building.
An officer of the Dade County Sheriff’s Department observed a 1954 Chrysler automobile parked behind the A & P Grocery Store at 19601 N. W. Second Avenue, Miami, Florida. The car had not been there one hour previously when the officer made his rounds. The hood was warm. The officer discovered footprints leading to concrete blocks stacked against the rear of the building in a step-like fashion. He discovered a hole in the roof of the A & P Store. The hole was 24" in diameter and a similar hole was in the ceiling of the store. Nothing was stolen from the store, and the manager testified that apparently no one had “entered” the store. Later, the appellant was apprehended, informed against and tried.
The legal problem presented by appellant’s point is whether the hole in the roof and the hole in the ceiling supports a finding that the appellant entered the store. There is sufficient evidence in the record to support the finding that the holes were made by the appellant.
Appellant urges that “entry” has a very special meaning in connection with the crime of breaking and entering. This position is supported by the cases.[1]
Appellant urges that entry cannot be accomplished unless some portion of the human anatomy or an instrument other than that used for the breaking is employed. Therefore, he contends that breaking of the roof and the subsequent breaking of the ceiling is riot enough to constitute entry. We would be inclined to agree with appellant if it were not for the fact *53 that there is evidence in the record that there was an airspace between the roof and the ceiling. There is no evidence to indicate the distance from the roof to the inner ceiling. Nevertheless, it is reasonable to conclude that it would be necessary for the appellant to intrude himself, or some part of himself, into the hole that he had created in the roof in order to cut a hole in the ceiling on the other side of the airspace. Therefore, the reasoning in Mobley v. State, 130 Tex.Cr.R. 159, 92 S.W.2d 1038, 1039 (1936), would be applicable; that is:
“Appellant’s contention is that since he had not made any entrance through the ceiling, he was not guilty of burglary. We cannot agree with him. When they cut a hole through the roof into the building and entered it with the intent to steal some of the property therein located, they were guilty of burglary, notwithstanding that they had not yet succeeded in reaching the place where the goods were stored. Suppose a building had three rooms, a front, a middle, and a back room; that the front and back rooms were empty, but the middle room had valuable articles in it, and a party entered the back room by either breaking a window or opening a door, but before he had time to break into the middle room he was apprehended. Would he be guilty of burglary? Certainly, notwithstanding the fact that he had to open another door leading into the middle room before he reached the point where he could put his hands on the valuable articles. Appellant cites us to Corpus Juris, vol. 9, p. 1020, which lays down the rule that an entry must be made into the house and not merely just some outside part of the house; and he also cites us to page 1010 of said volume, which lays down the rule that in order to constitute a breaking the action of the defendant must have been such as would, without additional effort, have made an entry possible. We agree with him that this is a correct rule of law, but it has no application to the instant case for the reason that the appellant and his companions had by force entered the building from the roof instead of through a door or wall. * * * »
We hold that the evidence was sufficient to prove entry. The judgment is affirmed.
Affirmed.

. See State v. McCall, 4 Ala. 643 (1843); Walker v. State, 63 Ala. 49 (1879); Olds v. State, 97 Ala. 81, 12 So. 409 (1893); People v. Songer, 28 Ill.2d 433, 192 N.E. 2d 861 (1963); State v. Whitaker, Mo. 1955, 275 S.W.2d 316; State v. O’Leary, 31 N.J.Super. 411, 107 A.2d 13 (1954); State v. Crawford, 8 N.D. 539, 80 N.W. 193, 46 L.R.A. 312 (1899); 2 Wharton’s Criminal Law and Procedure § 421; 13 Am.Jur.2d Burglary § 10; 12 C.J.S. Burglary § 10.