593 So.2d 1199 (1992)
Joe TENNIE, Appellant,
v.
STATE of Florida, Appellee.
No. 91-01513.
District Court of Appeal of Florida, Second District.
February 19, 1992.
James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Erica M. Raffel, Asst. Atty. Gen., Tampa, for appellee.
HALL, Judge.
Joe Tennie appeals his conviction of possession of a controlled substance. He contends the trial court erred in not questioning the state's reasons for striking the only minority in the jury venire and in imposing costs without providing him notice and an opportunity to be heard. We agree and reverse.
Defense counsel made the following objection to the state's use of a peremptory challenge to strike Mr. Osceola:
I want to present ... an objection to that strike.... We have one person who, it would appear, who is a minority... . Mr. Osceola presented absolutely no reasons why he is objectionable. He appears to be an Indian, a member of of [sic] a Seminole tribe, and his answers would give no reason to strike him.
The prosecutor incorrectly argued he was not required to explain his reasons for striking Osceola because the law regarding peremptory challenges concerns only Afro-Americans. The trial judge asked if there was further argument, and defense counsel stated he disagreed with the prosecutor, the law dealt with all minorities. The trial judge overruled defense counsel's objection.
Tennie first points out that in the seminal case regarding the discriminatory use of peremptory challenges the supreme court did not restrict its holding to Afro-Americans, but stated that the objecting party "must demonstrate on the record that the challenged persons are members of a distinct racial group... ." Neil v. State, 457 So.2d 481, 486 (Fla. 1984), clarified, State v. Castillo, 486 So.2d 565 (Fla. 1986), and clarified, State v. Slappy, 522 So.2d 18 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988).
Tennie next contends the trial court erred in not following the procedure outlined in Reynolds v. State, 576 So.2d 1300 (Fla. 1991), upon defense counsel's objection to the state's exercise of a peremptory *1200 challenge to strike Mr. Osceola. We agree. In making the objection quoted above, defense counsel satisfied his burden under Neil to show that Mr. Osceola was a member of a distinct racial minority, the Seminole Indians, and there was a strong likelihood he was struck solely because of his race, as he was the only minority member of the venire. Reynolds, 576 So.2d at 1301. Consequently, the burden of proof shifted to the state to provide "a `clear and reasonably specific' racially neutral explanation of `legitimate reasons'" for its exercise of its peremptory challenge. Slappy, 522 So.2d at 22. The trial court erred in not requiring the state to meet its burden of proof. Accordingly, we must reverse and remand for a new trial.
Our disposition of the peremptory challenge issue renders moot the imposition of costs issue. We note, however, that proper statutory authority must be cited in support of the imposition of court costs. Brown v. State, 506 So.2d 1068 (Fla. 2d DCA), review denied, 515 So.2d 229 (Fla. 1987). We also note that in imposing costs of prosecution under section 939.01(6), Florida Statutes (1989), the state attorney must demonstrate the amount of such costs and the trial court must consider the financial resources of the defendant. Smith v. State, 543 So.2d 348 (Fla. 5th DCA 1989).
Reversed and remanded for a new trial.
RYDER, A.C.J., and PATTERSON, J., concur.