609 So.2d 65 (1992)
Dennis PICKREL, Appellant,
v.
STATE of Florida, Appellee.
No. 91-3417.
District Court of Appeal of Florida, Fourth District.
November 18, 1992.
Richard L. Jorandby, Public Defender, and Susan D. Cline, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dawn S. Wynn, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
The defendant appeals a sentence ordering him to pay extradition costs as costs of prosecution. We reverse.
The defendant argues, and the state concedes, that the trial court erred in ordering him to pay $300 as extradition costs as costs of prosecution. While under section 939.01(1), Florida Statutes (1991), the trial court is to include and enter in the judgment the costs of prosecution, subsection (5) mandates that the trial court consider the amount of the costs incurred, the financial resources of the defendant, the financial needs and earning ability of the defendant, and such other factors as it deems appropriate. In the instant case, the trial court found that the defendant did not have the financial resources to pay the costs at the present time and that he would not be able to pay them back five years from the date of sentencing, the maximum time allowed under the statute. Hence, the trial court erred in entering the costs on this ground.
Additionally the trial court erred in entering the costs because the state was unable to demonstrate the amount of costs incurred in the extradition as subsection (6) requires. The burden of demonstrating the amount of costs incurred is on the state attorney. At sentencing the prosecutor announced he had no documentation other than a sheet attached to the defendant's file which read, "Attached please find a letter from the Sheriff's Department indicating their cost of transporting Dennis *66 Pickrel from Alabama." No letter was attached, only an extraditions inquiry which indicated when the defendant was logged in. As the defendant points out, even this document was not admitted into evidence nor submitted to the trial court.
GLICKSTEIN, C.J., and DOWNEY and FARMER, JJ., concur.