626 So.2d 1004 (1993)
Gary Morgan STANLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 92-00269.
District Court of Appeal of Florida, Second District.
October 27, 1993.
James Marion Moorman, Public Defender, Bartow, and Jennifer Y. Fogle, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
Gary Morgan Stanley appeals his convictions for criminal mischief and burglary, alleging that the evidence was legally insufficient. We reverse the burglary conviction for insufficient evidence and affirm the conviction for criminal mischief.
The state charged Stanley with the burglary of Jeffcoat Photography. The evidence, viewed in the light most favorable to the state, showed the following. In the early morning hours officers were investigating a possible burglary at Jeffcoat Photography. The police saw Stanley with another person who was prying on a door to McDuff's Electronics which is either in the same strip mall or very close to Jeffcoat. The two officers interrogated Stanley, and both officers testified that Stanley told them that he and his friend cut a hole in a wall of Jeffcoat. There was a vacant building adjacent to Jeffcoat which had a broken lock. The vacant building and Jeffcoat shared a common wall. The officers observed a hole in that common wall which was approximately twenty inches in diameter. The officers testified that it appeared Stanley had drywall residue on his pants. Nothing was missing from Jeffcoat, *1005 and there was no damage except for the hole in the wall.
In order to prove the burglary, the state must prove a nonconsensual entry with intent to commit an offense therein. State v. Hankins, 376 So.2d 285 (Fla. 5th DCA 1979). The entry must be made by some part of the body or an instrument used not only for the breaking but for the purpose of committing the felony. Foster v. State, 220 So.2d 406 (Fla. 3d DCA), cert. denied, 225 So.2d 913 (Fla. 1969). See also State v. Spearman, 366 So.2d 775 (Fla. 2d DCA 1978).
In this case, the state only proved that there was a new hole in the wall and that Stanley had drywall residue on his pants. This circumstantial evidence is not inconsistent with the hypothesis that there was only a breaking and not an entering. The state argues that the airspace of Jeffcoat was broken when the hole was made. There, however, was no proof that the airspace was broken by a part of Stanley's body or the instrument which would have consummated the contemplated felony. The airspace could have been broken by the tool or instrument which was used only for the breaking. This case is distinguishable from Miller v. State, 187 So.2d 51 (Fla. 3d DCA 1966) where the defendant made a hole both in the roof and in the store's ceiling. The Miller court concluded that the defendant had to enter the airspace of the store when he made the second hole. Here, Stanley made only one hole; therefore, this court cannot make the inference that Stanley intruded into the airspace of Jeffcoat. Thus, there was insufficient evidence that there had been a burglary. We, therefore, reverse the conviction for burglary.
The state also charged Stanley with criminal mischief in violation of section 806.13(1)(b)3, Florida Statutes (1991). This statute requires that damage be $1,000 or greater. The state asked a witness the cost to repair the hole in the building where the crime occurred. Defense counsel objected, and the witness never answered the question. Thus, the state failed to prove the amount of damage. Stanley, however, failed to preserve this issue because he never moved for a judgment of acquittal or filed a motion for new trial raising the sufficiency of the evidence on the criminal mischief count. See E.J.K. v. State, 508 So.2d 422 (Fla. 2d DCA 1987). He argues on appeal, relying on the case of Nelson v. State, 543 So.2d 1308 (Fla. 2d DCA 1989), that it was fundamental error because he stands convicted of a crime that never occurred. This case is distinguishable from Nelson. The state merely failed to prove the amount of damage but did prove that damage occurred to the building. Thus, Stanley does not stand convicted of a crime that never occurred. We accordingly affirm Stanley's conviction for criminal mischief.
RYDER, A.C.J., and BLUE, J., concur.