640 So.2d 1180 (1994)
Martin GANT, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2440.
District Court of Appeal of Florida, Fourth District.
July 27, 1994.
Rehearing Denied August 25, 1994.
*1181 Richard L. Jorandby, Public Defender, and David McPherrin, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph A. Tringali, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Martin Gant (Defendant) appeals his judgments and sentences for nine counts of burglary of a conveyance and three counts of petit theft. The trial court erred in denying Defendant's motion for a judgment of acquittal on count six of the amended information, charging him with the burglary of an automobile owned by Ellen Michael (Michael). Accordingly, we reverse Defendant's conviction on count six of the amended information. The trial court also erred in assessing $200 in prosecution costs and $200 in public defender's fees. Therefore, we reverse the trial court's assessment of the costs of prosecution and remand with directions to consider the State's actual costs and Defendant's financial capabilities. We also reverse the trial court's imposition of public defender fees because Defendant received no prior notice.
A motion for judgment of acquittal challenges the legal sufficiency of the evidence. Accordingly, the trial court should not grant a judgment of acquittal where the state has introduced competent evidence to support every element of the crime. Peacock v. State, 498 So.2d 545, 546 (Fla. 1st DCA 1986). When moving for a judgment of acquittal, the defendant admits the facts stated, the evidence adduced, and every reasonable inference favorable to the state. Id.; Fletcher v. State, 472 So.2d 537, 539 n. 2 (Fla. 5th DCA 1985).
In order to prove the crime of burglary, the state must prove a nonconsensual entry with intent to commit an offense therein. Stanley v. State, 626 So.2d 1004, 1005 (Fla. 2d DCA 1993); § 810.02(1), Fla. Stat. (1993). The entry must be made by part of the body or an instrument used not only for the breaking, but also for the purpose of committing the felony. Stanley, 626 So.2d at 1005.
In Stanley, the defendant was charged with burglarizing a photography store after police observed him prying on a door to a store nearby. Two police officers interrogated Stanley, who told them that he and his friend cut a hole in a wall of the photography store. The officers testified that they saw the hole in the wall and that Stanley appeared to have drywall residue on his pants. However, nothing was missing from the photography store. 626 So.2d at 1004. Under these facts, the second district in Stanley reasoned that the circumstantial evidence was not inconsistent with the hypothesis that there was a breaking but not an entering. 626 So.2d at 1005. Because there was no proof that the airspace was broken by a part of Stanley's body or an instrument used for a felony, the Stanley court could not infer that Stanley intruded into the photography store. Accordingly, the court in Stanley held that there was insufficient evidence of burglary and reversed Stanley's conviction.
The instant case is similar to Stanley. In the instant case, Michael testified that she parked her car at the Vero Beach airport and went to visit her daughter in Tennessee for ten days. While Michael was in Tennessee, her neighbor called to tell Michael that she saw on television that Michael's car had been burglarized. Michael testified that she called her insurance company the next day and *1182 they replaced a broken window. Even though a police detective testified that Defendant admitted entering two vehicles parked at the airport, the detective did not identify Michael's vehicle as one of them. Furthermore, the State did not present any testimony establishing that Defendant entered Michael's automobile. Nothing was missing from Michael's car, just as nothing was missing from the photography store in Stanley. Under these facts, as in Stanley, the circumstantial evidence was not inconsistent with the hypothesis that there was a breaking but not an entering. Because there was no proof that the airspace in Michael's car was broken by a part of Defendant's body or an instrument used to commit a felony, we should not infer that Defendant intruded into Michael's car. Thus, the State presented insufficient evidence that Defendant burglarized Michael's car. Accordingly, we reverse Defendant's conviction for the burglary of Michael's car.
Defendant argues that the trial court erred by ordering him to pay the costs of prosecution because the State failed to document its expenses. Additionally, Defendant argues that the trial court erred in imposing public defender's fees without prior notice and without advising Defendant of his right to contest the costs.
In order to recover the costs of prosecution pursuant to section 939.01, Florida Statutes (1993), the State must document its expenses, and the trial court must consider the defendant's financial resources. Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994) (citing Tennie v. State, 593 So.2d 1199 (Fla. 2d DCA 1992)); see also Wheeler v. State, 635 So.2d 140 (Fla. 4th DCA 1994); Pickrel v. State, 609 So.2d 65 (Fla. 4th DCA 1992) (state has the burden of demonstrating amount of prosecutorial costs). In the instant case, the State filed a notice of intent to seek costs of prosecution but did not document the amount of these costs. Even though Defendant did not object when the trial court assessed prosecution costs, the trial court should not have imposed the costs without considering the State's expenses or Defendant's ability to pay. Smith v. State, 543 So.2d 348 (Fla. 5th DCA 1989); § 939.01(5) & (6), Fla. Stat. (1993). Accordingly, the trial court's assessment of the costs of prosecution should be reversed and remanded with directions to consider the State's actual costs and Defendant's financial capabilities.
This court has determined that a trial court can sua sponte impose a public defender's fee pursuant to section 27.56(1)(a), Florida Statutes (1993). Mounts v. State, 638 So.2d 602 (Fla. 4th DCA 1994) (en banc). However, the defendant must be given prior notice of the intent to seek public defender fees and costs as well as notice of his or her right to contest the amount of the assessment. Smiley v. State, 590 So.2d 1116, 1117 (Fla. 4th DCA 1991); § 27.56(7), Fla. Stat. (1993). In the instant case, the trial court sua sponte assessed a public defender fee without prior notice and without advising Defendant of his right to contest the assessment. Accordingly, we reverse the trial court's assessment of the public defender's fee.
In conclusion, we affirm Defendant's convictions for eight counts of burglary of a conveyance and three counts of petit theft. We reverse Defendant's conviction for one count of burglary of an automobile owned by Ellen Michael (count six of the amended information) and remand for resentencing. We also reverse the trial court's assessment of the costs of prosecution and public defender fees. On remand, the trial court is directed to consider the State's actual costs and Defendant's ability to pay.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
GUNTHER, KLEIN and STEVENSON, JJ., concur.