SHAHOOD, Judge.
Appellant, Jeffrey Wilkins, appeals a final judgment and sentence entered after a jury found him guilty of possession of cocaine and possession of drug paraphernalia. We affirm the judgment and sentence, but reverse and remand on the issue of attorney’s fees and costs of prosecution.
Appellant raises three issues on appeal. First, he alleges that the trial court erred in denying his requested special jury instruction on possession of cocaine based on his theory of defense. Second, he alleges that the Florida standard jury instruction on reasonable doubt is unconstitutional in that it deprives him of his right to a fair trial and due process of law as guaranteed him under the Fifth and Fourteenth Amendments of the U.S. Constitution and Article I, Section 9 of the Florida Constitution. We affirm the trial court on these two issues without farther discussion.
Appellant’s final point on appeal is that it was error for the trial court to order that he pay $650.00 in attorney’s fees and $50.00 in costs of prosecution. It is significant that in the order for entry of final judgment for attorney’s fees the trial court found that appellant had previously been declared indigent in this ease.
It has been determined that a trial court may sua sponte impose a public defender’s fee pursuant to section 27.56(l)(a), Florida Statutes (1993). See Gant v. State, 640 So.2d 1180 (Fla. 4th DCA 1994); Mounts v. State, 638 So.2d 602 (Fla. 4th DCA 1994). However, pursuant to section 27.56(7), Florida Statutes, the defendant must first be given prior notice of the intent to seek public defender’s fees and provided an opportunity to be heard, offer objection, and be represented by counsel. See Smiley v. State, 590 So.2d 1116 (Fla. 4th DCA 1991); Hostzclaw v. State, 561 So.2d 1328 (Fla. 4th DCA 1990); see also, Fla.R.Crim.P. 3.720(d)(1). In this case, the public defender’s fee was assessed without fulfilling the statutory notice requirements or affording Wilkins the opportunity to object. This was error.
In order to assess and recover costs of prosecution pursuant to section 939.01, Florida Statutes (1993), the state is required to document its expenses and the trial court must consider those expenses along with the defendant’s financial resources, his financial needs and earning abili *307 ty, and such other factors the trial court deems appropriate. Gant, 640 So.2d at 1180; Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994) (citing Tennie v. State, 593 So.2d 1199 (Fla. 2d DCA 1992)); see also Wheeler v. State, 635 So.2d 140 (Fla. 4th DCA 1994); Pickrel v. State, 609 So.2d 65 (Fla. 4th DCA 1992). In this case, the $50.00 assessment for costs of prosecution was ordered by the court without notice to the defendant of the state’s intent to seek costs of prosecution, documentation by the state of its expenses, or the court’s consideration of the appellant’s financial resources. This, too, was error.
Accordingly, we reverse the trial court’s assessment of costs of prosecution and remand with directions, to consider the state’s actual expenses and the appellant’s financial resources. We also reverse the trial court’s imposition of attorney’s fees and remand with directions to provide notice of intent to seek the fee and afford appellant a hearing and an opportunity to contest the assessment of the fee. See Mounts.
Affirmed in part; Reversed and Remanded in part with directions.
PARIENTE and STEVENSON, JJ., concur.