681 So.2d 745 (1996)
Simon Keith ANGARAN, Appellant,
v.
STATE of Florida, Appellee.
No. 95-00774.
District Court of Appeal of Florida, Second District.
June 28, 1996.
*746 James Marion Moorman, Public Defender, Bartow, and Michael J.P. Baker, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Simon Keith Angaran appeals the denial of his motion to suppress cocaine seized in a pat-down search after an undercover officer detained him upon reasonable suspicion of possession of marijuana. The appellant pleaded nolo contendere to possession of cocaine, reserving the right to appeal the suppression issue. We find error in the trial court's denial of the motion to suppress and reverse. The evidence was legally insufficient to establish either probable cause for an arrest for possession of marijuana or reasonable suspicion for a pat-down for weapons incident to a temporary detention.
A Hillsborough County Sheriff's Deputy working undercover was sitting in his unmarked car in the parking lot of a night club in the early morning of July 1, 1994, when the appellant approached him and asked for rolling papers "so he could roll a joint." The officer had just overheard the appellant ask two other people for rolling papers. As the officer handed some papers to him, a marked patrol car pulled into the parking lot. Seeing the car, the appellant began to run away, but the undercover officer ran after him grabbing him by the shirttail. Patting him down for weapons and contraband, the officer felt a granular substance with a rubber band around it. When asked what it was, the appellant said cocaine, which was confirmed by a field test.
The request for rolling papers to roll a joint was legally insufficient to establish probable cause for possession of marijuana. Although it showed intent to smoke marijuana, it gave rise to two equally possible inferences: one that the appellant was in present possession of marijuana and two, that he was not. A probable cause determination will not arise where the conduct is at least equally consistent with noncriminal activity. See Carter v. State, 454 So.2d 739 (Fla. 2d DCA 1984).
Although the evidence, which fell short of the degree of proof necessary for probable cause, does establish reasonable suspicion of possession for a temporary detention, it does not likewise warrant a pat-down for weapons. Id. A pat-down for weapons is justified only where the evidence gives rise to reasonable suspicion that a suspect is armed and dangerous. See § 901.151(5), Fla. Stat. (1993). See State v. Webb, 398 So.2d 820 (Fla.1981). No evidence was present in this case. As the officer was not lawfully in a position to feel the contraband, the "plain-feel" doctrine, which authorizes the seizure of contraband detected while performing a limited search for weapons, does not apply. See Minnesota v. Dickerson, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993).
Reversed.
THREADGILL, C.J., and BLUE and FULMER, JJ., concur.