POLEN, Judge.
Timothy Adams appeals from a final judgment and sentence convicting him of resisting arrest with violence. We reverse, as the trial court fundamentally erred by reading to the jury the instruction for resisting arrest without violence, rather than the instruction for resisting arrest with violence. See Gaines v. State, 652 So.2d 458 (Fla. 4th DCA 1995) (where instructions read to jury are for a crime different from that which defendant is charged and convicted of, verdict as to that crime is a nullity; error is fundamental requiring reversal even in absence of an objection.)
Although reversal on the above issue might render moot the other issues raised on appeal, we will briefly address them so any error can be avoided on retrial. We agree with Adams that the trial court erred in overruling his objection to Officer Campbell testifying that according to the “law books,” Adams had committed the crime of escape “which is a felony.” Adams was not charged with escape, and it thus was not relevant, and could only have prejudiced the jury. Although the state claims the fact that Adams had committed the crime of escape was relevant to explain why the officer went to Adam’s mother’s house to arrest him, it was actually the misdemeanor of obstructing justice for which the officer claimed he was going to arrest Adams. Accordingly, if Adams is retried the fact that Officer Campbell thought Adams had committed the crime *918 of escape is not relevant, and any such testimony should be avoided.
We further point out that if Adams-is convicted after a new trial, public defender’s fees can be imposed only if Adams is given prior notice of the intent to seek such fees, and an opportunity to be heard and offer objection to the imposition of such fees. Wilkins v. State, 668 So.2d 305 (Fla. 4th DCA 1996); § 27.56(7), Fla. Stat. (1993). We affirm all other points on appeal.
GUNTHER, C.J., and FARMER, J., concur.