722 So.2d 924 (1998)
Jeffrey Russell NICKELL, Appellant,
v.
STATE of Florida, Appellee.
No. 98-01001.
District Court of Appeal of Florida, Second District.
December 11, 1998.
Thomas C. Grajek of Snyder & Grajek, P.A., Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Tonja R. Vickers, Assistant Attorney General, Tampa, for Appellee.
*925 NORTHCUTT, Judge.
Jeffrey Russell Nickell was charged with attempted burglary and possession of cannabis. He pleaded nolo contendere to the latter, and to a reduced charge of criminal mischief, reserving his right to appeal the denial of his motion to suppress evidence seized incident to his arrest. We affirm the criminal mischief conviction, because the suppression issue is not dispositive of that charge. However, because the circuit court should have granted Nickell's motion to suppress, we reverse his conviction for possession of cannabis.
This case began with a call to police to report a disturbance involving broken windows at an apartment complex laundry room. At the scene, a witness told the investigating officer that he saw Nickell break the windows with his head. Based on that account, the officer arrested Nickell for attempted burglary. The officer searched Nickell incident to the arrest, and discovered marijuana in his possession.
Nickell moved to suppress the fruits of the search, arguing that the officer did not have probable cause for the arrest. The circuit court denied the motion to suppress. Thereafter, Nickell agreed to plead as described above, and was sentenced to two years' probation.
An officer has probable cause to arrest a suspect when there are reasonable grounds to believe the suspect has committed a felony. See Shriner v. State, 386 So.2d 525, 528 (Fla.1980). The facts from which probable cause arises do not need to meet the standard for conclusiveness and probability required of facts on which a conviction is based. See id. However, probable cause does not arise when conduct is equally consistent with activity that is not criminal. See Angaran v. State, 681 So.2d 745, 746 (Fla. 2d DCA 1996).
In order to commit the felony of burglary, a suspect must enter a conveyance or structure without consent and with intent to commit an offense inside. See Stanley v. State, 626 So.2d 1004, 1005 (Fla. 2d DCA 1993). In the instant case, the officer arrested Nickell for attempted burglary of a structure based on the witness's statement that Nickell had broken the windows of the laundry room with his head. Although that conduct was consistent with an intention to enter the laundry room and commit an offense inside, it was equally consistent with a simple act of vandalism, which is a misdemeanor. See § 806.13(1)(b), Fla. Stat. (1995). Therefore, the officer lacked probable cause to arrest Nickell for a felony. Moreover, the officer was not authorized to arrest Nickell for a misdemeanor because the offense was committed outside the officer's presence. See Nesmith v. State, 608 So.2d 96, 96 (Fla. 2d DCA 1992). Because the arrest was invalid, all fruits of the search incident to that arrest should have been suppressed. See Montalvo v. State, 520 So.2d 292,294 (Fla. 2d DCA 1987); Sanders v. State, 385 So.2d 735, 738 (Fla. 2d DCA 1980).
We reverse Nickell's conviction and sentence for possession of cannabis. As this would affect the point total on Nickell's sentencing guidelines scoresheet, we reverse his sentence on the criminal mischief charge and remand for resentencing under a revised scoresheet.
Affirmed in part; reversed in part.
PATTERSON, A.C.J., and CASANUEVA, J., Concur.