CAMPBELL, Acting Chief Judge.
Appellant pleaded no contest to resisting an officer without violence and possession of cocaine, reserving his right to take this appeal from the denial of his motion to sup *1114 press. We conclude that the trial court erred in denying appellant’s motion and reverse.
Officers Phillip Cheshire and Michael Creamer of the Lakeland Police Department responded to a domestic violence call on April 24, 1997. As they were speaking with the victim, a vehicle which was driven by appellant and contained several passengers drove past. The victim told the officers that one of the passengers in the back seat of the vehicle was the perpetrator of the domestic violence. The officers conducted a warrants check and discovered that the perpetrator had an outstanding warrant. The officers then followed the vehicle, briefly losing sight of it, until one of the officers located it in a parking lot of an apartment complex. The officers pulled their cruiser into the parking lot in a manner which blocked the vehicle. Appellant got out of the vehicle, but the perpetrator was no longer there. The officers asked appellant where the perpetrator went and appellant pointed in a westwardly direction. Officer Cheshire proceeded in that direction and encountered two women, one of which allegedly told the officer that the perpetrator ran in a northerly direction. The perpetrator was never found. Appellant was arrested for resisting arrest without violence based upon the contradictory statements regarding the direction in which the perpetrator fled. After the arrest, appellant was searched, revealing the cocaine which is the subject of his motion to suppress.
At the hearing on appellant’s motion to suppress, the only evidence that was presented was the officers’ testimony. The witness who allegedly provided contradictory information to the officers did not testify and only hearsay evidence of her statements was introduced. The trial court denied appellant’s motion to suppress finding that appellant’s statements to law enforcement were intended to obstruct the officers in the performance of their legal duty.
Based upon the circumstances presented in this case, we conclude that the trial court erred in denying appellant’s motion to suppress. While it is clear that the stop of appellant’s vehicle was proper, there was no evidence that proves that appellant lied to police or otherwise obstructed justice. Appellant voluntarily answered the officers’ questions, and while he indicated to them that the perpetrator ran in one direction and the unnamed witness indicated that he went in another, the perpetrator was never located. Furthermore, the female witness never testified at the suppression hearing so it was impossible to assess her credibility or determine whether she may have been mistaken in her statements to law enforcement. The officers testified that appellant had violated no laws and that there was no reason for the stop of appellant’s vehicle other than the fact that the perpetrator was observed inside. Since there is nothing to indicate that appellant was being untruthful, and his actions were consistent with noncriminal behavior, the police lacked probable cause to arrest him. See Angaran v. State, 681 So.2d 745 (Fla. 2d DCA 1996). Consequently, the motion to suppress the contraband seized following this unlawful arrest should have been granted.
Reversed.
THREADGILL and FULMER, JJ., Concur.