NORTHCUTT, Judge.
Andre McCloud pleaded no contest to possession of cocaine with intent to sell, reserving his right to appeal the denial of his dispositive motion to suppress the drugs. We reverse. Because law enforcement did not have probable cause to search McCloud, the cocaine discovered in the illegal search should have been suppressed.
At the suppression hearing, an undercover Tampa police officer testified he was investigating street-level narcotics transactions when he observed three men conversing. One man handed currency to one of the other two and received a small item in return. He put the item in his pocket and rode away on his bicycle. The police *219 stopped the bicyclist, searched him and found cocaine. But he refused to say which of the other two men sold him the drugs. Because of the way the men had been standing when the officer saw the drug sale, he could not identify which man received the money and dispensed the cocaine.
The officer testified that he and his compatriots then detained the two other men because they had a reasonable suspicion that “one or both of them were involved in the selling of narcotics...They patted the men down and felt what they believed to be cocaine in packets between McCloud’s buttocks. The police took him to a private area, conducted a strip search and recovered the drugs.
The officer was correct in his assertion that the police had a founded suspicion sufficient to detain the two men pursuant to section 901.151, Florida Statutes (1997). But this suspicion, in itself, did not authorize the pat down search. The statute permits a search only if the officer believes the detainee may be armed with a dangerous weapon. § 901.151(5), Fla. Stat. (1997); see also Angaran v. State, 681 So.2d 745 (Fla. 2d DCA 1996) (reversing denial of motion to suppress and holding that the State failed to meet its burden of establishing the basis for a warrantless search when the record revealed no reasonable basis to believe detainee was armed); Premo v. State, 610 So.2d 72, 74 (Fla. 2d DCA 1992) (same). The officer who testified at the suppression hearing did not say he believed McCloud might have been armed. He stated the search was conducted “to identify articles” on the men, but never said he suspected one of the “articles” might be a weapon. The search cannot be validated under section 901.151.
To justify this type of warrantless search, then, the State bore the burden of demonstrating the officer had probable cause to suspect that an offense had been committed and that McCloud was the one who committed it. See Revels v. State, 666 So.2d 213 (Fla. 2d DCA 1995). Under the first prong of this test, the officer did have probable cause to believe a crime had occurred. He had seen what appeared to be a sale of drugs. The problem lies with the second prong of the probable cause analysis: that the officer must believe McCloud committed the crime. Here, the officer had no idea which of the two men was the perpetrator.
In this respect the case is comparable to constructive possession cases where drugs are discovered in the midst of a group of people, but law enforcement has no reason to believe they belong to a particular person. See Edwards v. State, 532 So.2d 1311 (Fla. 1st DCA 1988) (and cases cited therein). In Edwards, a number of men were standing near a plastic bag containing cocaine. The officers searched three men who were standing closest to the bag. The court observed that “[t]he officer’s suspicion in this case that ‘all of the subjects who we stopped and searched were involved with that cocaine’ does not rise to the level of probable cause.” Id. at 1314. See also McGowan v. State, 778 So.2d 354, 357 (Fla. 2d DCA 2001) (citing Edwards for proposition that mere proximity to contraband found in vicinity of several people in public place does not give officer probable cause to believe that person or persons closest to contraband possessed it).
Similarly, the officer’s observations in this case did not create probable cause to believe McCloud had committed the crime. Probable cause does not exist where the circumstances are at least equally consistent with noncriminal activity. Nickell v. State, 722 So.2d 924 (Fla. 2d DCA 1998); Angaran. Certainly, the circumstances in this ease established a pos *220 sibility that McCloud was the one who sold the drugs, but they were at least equally consistent with his simply being a bystander. If the officers had questioned the men and obtained information that pointed to McCloud as the seller, they might have developed the probable cause necessary for the warrantless search. As it was, the search was illegal and the drugs should have been suppressed.
Reversed with directions to discharge the defendant.
FULMER, A.C.J., and SILBERMAN, J., Concur.