THOMPSON, C.J.
Faron A. Polk (“Polk”) appeals his conviction for the offense of burglary of a dwelling with an assault or battery with a weapon.[1] Polk contends that the state failed to prove that he had entered the dwelling he was accused of burglarizing.
Polk also contends that he had ineffective assistance of counsel. We disagree with both arguments and affirm the conviction.
John Nicholas testified that he was returning from school when he decided to finish smoking a cigarette before entering his parents’ home. When he heard glass break in the rear of his parents’ home, he walked to the back yard. There he saw Polk with his right hand inside a bedroom window as Polk tried to undo the window safety latch. When Nicholas confronted Polk, Polk put his hands inside his jacket and walked toward Nicholas. When Nicholas grabbed at him, Polk pulled a four-inch screwdriver from his pocket and raised it toward Nicholas’s chest. Nicholas then told him he better run, which Polk did. Nicholas immediately called the police and gave them a description of Polk, who was arrested within five minutes. Nicholas went to the location and identified Polk as the man he had seen trying to enter his parents’ home.
Polk contends that because the testimony was that only his arm was inside the window, the state failed to prove that he committed a burglary.[2] Citing Gant v. *480 State, 640 So.2d 1180, 1181 (Fla. 4th DCA 1994), Polk contends that the state did not prove the element of “.entering the dwelling.” We distinguish Gant. Gant was convicted of burglary of a conveyance when there was no proof that he entered the vehicle. Id. at 1182. The victim testified that although her car window was broken, nothing was missing from inside her car. Id. Further, the state offered no proof that the airspace of the victim’s car “was broken by a part of [Gant’s] body or an instrument used to commit a felony....” Id. For those reasons, the court reversed his conviction. Those are not the facts before this court.
In State v. Spearman, 866 So.2d 775 (Fla. 2d DCA 1978), the court held that the defendant entered the residence when his arm and hand went through the door. Id. The court stated that, “[i]t is well established that the unqualified use of the word ‘enter’ in a burglary statute does not confine its applicability to intrusion of the whole body but includes insertion of any part of the body or of an instrument designed to effect the contemplated crime.” Id. at 776. In the instant case, as in Spearman, Polk “entered” the dwelling by putting his hand inside the broken window. Based on Spearman, we hold there was sufficient evidence to prove the element of entering in the instant case.
Polk also contends that counsel was ineffective in failing to move for a judgment of acquittal. The standard used to determine whether counsel was ineffective is set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In Stephens v. State, 748 So.2d 1028, 1033 (Fla.1999), the Florida Supreme Court stated that, “[t]he determination of ineffectiveness pursuant to Strickland is a two-pronged analysis: (1) whether counsel’s performance was deficient; and (2) whether defendant was prejudiced thereby.” In the instant case, defense counsel told the court that there would be no motion for a judgment of acquittal because counsel could find no case law to support such a motion. The trial court responded that it would deem defense counsel’s statement to be a motion for judgment of acquittal, but would deny the motion.[3] Further, after the defense rested, defense counsel told the court that the motion for judgment of acquittal was renewed. The renewed motion was also denied.
While alleging that defense counsel’s performance was deficient, Polk makes no showing that he was prejudiced. First, the trial court did consider whether a judgment of acquittal would be appropriate. Second, a judgment of acquittal was not appropriate because there was witness testimony identifying Polk as the person whose hand broke the “airspace” of the victim’s home. See Gant, 640 So.2d at 1182. Even if we were to conclude that counsel’s performance was deficient, Polk has made no showing that he was prejudiced by defense counsel’s performance.
AFFIRMED.
SHARP, W., and SAWAYA JJ., concur.

. §§ 810.02(1), 810.02(2)(a), 810.07, 775.087(1), Fla. Stat. (2000).

. The element of burglary as provided in section 810.02(1), Florida Statutes (2000), which reads:
''Burglary” means entering or remaining in a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.

. Although defense counsel did not argue for a judgment of acquittal, the court ruled as though counsel presented argument. The court stated:
In abundance of caution, I am still finding it to be a Motion of Judgment of Acquittal but I will deny your Motion for Judgment of Acquittal based upon what I consider to be the State having presented a prima facie case. There is no evidence to the contrary that would give you a niche or a hole of any sort for your Motion for Judgment of Acquittal, so I will deny that.