873 So.2d 571 (2004)
E.T.R., Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-3064.
District Court of Appeal of Florida, Second District.
May 26, 2004.
James Marion Moorman, Public Defender, and Kevin Briggs, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jonathan P. Hurley, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
E.T.R., adjudicated delinquent as a principal to attempted burglary, contends on appeal that the evidence was legally insufficient to sustain the adjudication. We agree and reverse.
The State's petition charged E.T.R. with the delinquent act of burglary of an unoccupied dwelling. The evidence at trial revealed that the house was owned by E.T.R.'s father, William Reyes. A neighbor testified that he heard the sound of a window breaking and, looking out from his own home, saw that windows had been broken on Mr. Reyes' house. He also saw E.T.R. running away from the house and observed "two other guys" who appeared to be accompanying E.T.R. The witness did not see E.T.R. enter Mr. Reyes' house, nor did he see E.T.R. or anyone else inside *572 the house. After the neighbor shouted something to him, E.T.R. returned and asked the witness if he intended to call the police. The witness responded that he would not call the police but would tell his father about his conduct.
Mr. Reyes testified that E.T.R. did not live with him. As a result of the incident, two windows were broken and some window screens were damaged. He confirmed that no one had entered his house and that he had not authorized E.T.R. to do so.
At the close of the State's case, E.T.R. moved for dismissal pursuant to Florida Rule of Juvenile Procedure 8.110(f), arguing that the State's proof did not sustain the petition's allegations that E.T.R. committed burglary. E.T.R. contended that the State's evidence could establish burglary only by circumstantial evidence and that the proof had failed to rebut E.T.R.'s reasonable hypothesis of innocence. The trial court agreed and granted the motion as to that alleged delinquent act.
After dismissing the burglary offense, the court considered the lesser-included offense of attempted burglary and allowed the State to reopen its case to offer additional testimony on the element of intent to commit an offense within the house. The State then recalled Mr. Reyes, who testified that E.T.R. had "broken into" the home in which he had been living with his father and his stepmother. This occurred about one year before the trial, when E.T.R. had left home without permission. Unlike the present scenario, however, E.T.R. opened the window of his room to enter his own residence. Apparently this occurred more than once, and once inside, E.T.R. took whatever he could. With this additional circumstantial evidence, the trial court concluded that E.T.R. had committed the offense of principal to attempted burglary and denied his motion for dismissal.
"[A]lthough the circumstantial evidence rule can be stated with certainty and ease, applying the rule is often a daunting task because `the nature and quantity of circumstantial evidence in each case is unique.'" Haugabrook v. State, 827 So.2d 1065, 1067 (Fla. 2d DCA 2002) (quoting McArthur v. State, 351 So.2d 972, 976 (Fla.1977)). Where the evidence is entirely circumstantial, no matter how strongly it might suggest guilt, unless the evidence is inconsistent with any reasonable hypothesis of innocence, a conviction may not be upheld. Davis v. State, 761 So.2d 1154, 1157-58 (Fla. 2d DCA 2000) (citing McArthur, 351 So.2d at 976 n. 12; Mayo v. State, 71 So.2d 899 (Fla.1954)). Evidence creating only a strong suspicion that an accused committed the crime is insufficient to support a conviction. Davis, 761 So.2d at 1158 (citing Scott v. State, 581 So.2d 887 (Fla.1991)). Accordingly, we must undertake the daunting task of assessing, in the light most favorable to the State, "the presence or absence of competent evidence from which [the trier of fact] could infer guilt to the exclusion of all other inferences." State v. Law, 559 So.2d 187, 188 (Fla.1989).
The State presented no testimony from or evidence about the two other young men observed at the scene, whom the trial court must have concluded had acted in criminal concert with E.T.R.; nor did the State present any evidence, through a confession or an admission by E.T.R. or otherwise, that E.T.R. intended to break the window of his father's house to gain entry. Furthermore, the neighbor did not see E.T.R. at a window or even nearby. And we note that two windows were broken, not one, evidence more consistent with the elements of criminal mischief or vandalism than with attempted burglary.
Previously, this court reviewed a case in which the defendant was alleged to have *573 committed attempted burglary of a structure by breaking the windows of a laundry room with his head. We held that "although that conduct was consistent with an intent to enter the laundry room and commit an offense inside, it was equally consistent with a simple act of vandalism ...." Nickell v. State, 722 So.2d 924, 925 (Fla. 2d DCA 1998). We find that reasoning persuasive here. Even assuming that the evidence strongly suggests E.T.R.'s guilt of attempted burglary, it does not do so to the exclusion of all other inferences.
Therefore, we reverse E.T.R.'s adjudication as a delinquent for the act of principal to attempted burglary and remand with instructions to discharge E.T.R.
SALCINES and DAVIS, JJ., concur.