543 So.2d 348 (1989)
Davis SMITH, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 88-1087.
District Court of Appeal of Florida, Fifth District.
May 11, 1989.
*349 James B. Gibson, Public Defender, and Barbara L. Condon, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Laura Ann Griffin, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
At a sentencing proceeding in open court, the trial judge orally stated that as a condition of probation, the defendant was to pay $5,000 in "costs" without reference to any statutory authority, without considering evidence as to the amount of actual costs, and without considering the financial circumstances of the defendant. Paragraph ten of the written probation order directs payment of the $5,000 courts costs "in accordance with F.S. § 27.3455(1), as directed by your Probation Officer."
Costs authorized by section 27.3455(1), Florida Statutes, are limited to $205 in felony cases. The trial court was authorized under section 939.01(1), Florida Statutes, to enter a judgment for the costs of prosecution against the defendant as a convicted person notwithstanding that formal adjudication of guilt was withheld pursuant to section 948.01(3), Florida Statutes. Clinger v. State, 533 So.2d 315 (Fla. 5th DCA 1988). However, under this statutory authority, the state attorney must demonstrate the amount of the cost of prosecution (§ 939.01(6), Fla. Stat.) and the trial court must consider the financial resources of the defendant (§ 939.01(5), Fla. Stat.). Because the record on appeal fails to show these prerequisite procedural steps were taken, the condition of probation requiring the payment of $5,000 as court costs is stricken and the cause is remanded for further proceedings.
CONDITION OF PROBATION RE COURT COSTS STRICKEN; CAUSE REMANDED.
ORFINGER and COBB, JJ., concur.