596 So.2d 758 (1992)
Lee Andrew WILLIAMS, Jr., Petitioner,
v.
STATE of Florida, Respondent.
No. 92-00242.
District Court of Appeal of Florida, Second District.
April 1, 1992.
James Marion Moorman, Public Defender, and D.P. Chanco, Asst. Public Defender, Bartow, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Susan D. Dunlevy, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
This case stems from an administrative order entered in 1990 by the Polk County Court. Concerned about the escalating cost of juries, the six judges of that court have formally agreed that no negotiated pleas will be received on the morning of trial unless approved in sufficient time to avoid summoning a jury panel. The order further provides that "[i]n addition to any other sentence imposed, the presiding county judge shall impose additional costs of $300.00 [against] each defendant who changes [his or her] plea... where a jury panel has been summoned."[1]
Petitioner Lee Andrew Williams, charged with two separate incidents of resisting arrest,[2] ran afoul of this order when, on the morning of his first trial, he accepted the state's offer of concurrent six-month sentences and a fine of approximately $150.00. The court refused to follow the negotiation unless Williams paid the additional fine required by the administrative order. Williams went forward with the plea, but objected to the extra fine and challenged it on appeal.
It is well established that a court lacks the power to impose costs in a criminal case unless specifically authorized by statute. Lindsey v. Dykes, 129 Fla. 65, 175 So. 792 (1937); Masters v. State, 358 So.2d 1143 (Fla. 1st DCA 1978); Wood v. City of Jacksonville, 248 So.2d 176 (Fla. 1st DCA 1971); City of Miami v. Gilbert, 102 So.2d 818 (Fla.3d DCA 1958). The circuit court rejected Williams's argument that the county court lacked such authority. We disagree. The order under review did not point to any specific statutory provision allowing recovery for expenses incurred in connection with the empaneling of a criminal jury, and none has been cited to us on certiorari review.
In so holding we do not overlook the authority of a court to dun a convicted criminal for the "costs of prosecution," including "salaries of permanent employees." *759 § 939.01, Fla. Stat. (1991). However, before assessing such costs the court must consider both "the amount of the costs incurred" and "the financial resources of the defendant." § 939.01(5), Fla. Stat. (1991); and see, e.g., Smith v. State, 543 So.2d 348 (Fla. 5th DCA 1989). Polk County's administrative order attempts no such individualized determination. In any event, we cannot construe section 939.01 as extending to such ancillary costs of "prosecution" as judicial salaries, clerical and reportorial services, or juror reimbursement. While it may be possible, in theory, to compute and assess such costs,[3] as yet the legislature has not seen fit to try and do so.
In conclusion, we emphasize that nothing in this opinion should be viewed as implying the county court had any obligation to accept the negotiated plea offered to Williams by the state. Lepper v. State, 451 So.2d 1020 (Fla. 1st DCA 1984). It is not the "all deals are off" aspect of the administrative order that generates a constitutional separation-of-powers question.
The petition for writ of certiorari is granted, the order of the circuit court is quashed to the extent it is inconsistent with this opinion,[4] and this case is remanded with instructions to strike the $300.00 fee assessed pursuant to the county court administrative order. By this opinion we foreclose further enforcement of the administrative order.
DANAHY, A.C.J., and FRANK and ALTENBERND, JJ., concur.
NOTES
[1] Based upon the record before us, it does not appear this rule was adopted in accordance with Florida Rule of Judicial Administration 2.050(e).
[2] § 843.02, Fla. Stat. (1989).
[3] In the present case the county judge remarked to defense counsel that the expenses for the unused jurors were "fully allocable to your client." The clear implication of this statement is that Williams, through his indecisiveness about a plea, wasted the jurors' time and the court system's money. Cf. State v. Shelton, 584 So.2d 1118 (Fla. 5th DCA 1991) (costs improperly assessed against assistant state attorney for "grossly negligent preparation of a criminal case" resulting in "aborted jury selection effort"). The record before us is insufficient to determine who, if anyone, was "at fault" in Williams's last-minute change of heart.
[4] The circuit court also passed upon a second issue raised by Williams on direct appeal, involving lack of notice. Cf. Jenkins v. State, 444 So.2d 947 (Fla. 1984). We agree with the circuit court that this argument, standing alone, is without merit.