597 So.2d 946 (1992)
Kenneth Richard CUMBIE, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1704.
District Court of Appeal of Florida, First District.
April 30, 1992.
Nancy Daniels, Public Defender, Nancy L. Showalter, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., James Rogers, Asst. Atty. Gen., for appellee.
PER CURIAM.
This is the third time that this criminal case has been before us for review. In Cumbie v. State, 539 So.2d 538 (Fla. 1st DCA 1989), we affirmed appellant's conviction of attempted capital sexual battery, but vacated the sentence and remanded for resentencing. In Cumbie v. State, 562 So.2d 845 (Fla. 1st DCA 1990), we affirmed the departure sentence imposed on remand, but certified as a question of great public importance whether the reason used by the trial court to justify the departure sentence was legally sufficient. The Supreme Court answered the certified question in the negative, and again vacated appellant's sentence and remanded for resentencing. Cumbie v. State, 574 So.2d 1074 (Fla. 1991).
On this appeal from appellant's latest resentencing, appellant's appointed counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which she states that, other than minor sentencing errors, she is unable to make a good-faith argument that reversible error occurred in the trial court. (Although appellant was notified of his right to file a brief in proper person, he has not done so.) Our independent *947 review of the record convinces us that counsel is correct.
Appellant was sentenced to twelve years in prison, to be followed by eighteen years' probation. Condition (12) of the written probation order states: "You will submit to urinalysis/breathalyzer/blood tests at your own expense at any time requested by your Probation Officer." This condition was not pronounced orally at the sentencing hearing. A "special condition" of probation not pronounced orally at the sentencing hearing cannot be included in the written order. See, e.g., McCollun v. State, 586 So.2d 490 (Fla. 1st DCA 1991); Rowland v. State, 548 So.2d 812 (Fla. 1st DCA 1989). However, "standard conditions" of probation (i.e., those listed in Section 948.03(1), Florida Statutes) may be included in the written order even if they are not pronounced orally at the sentencing hearing. See, e.g., Tillman v. State, 592 So.2d 767 (Fla. 2d DCA 1992); Hayes v. State, 585 So.2d 397 (Fla. 1st DCA 1991). With the exception of the words "at your own expense" (which we conclude amount to a special condition of probation), Condition (12) of the written probation order is consistent with the standard condition of probation set forth as Section 948.03(1)(j)1., Florida Statutes (Supp. 1990). Therefore, we reverse the order of probation and remand with directions that the words "at your own expense" be deleted from Condition (12).
We note also that the judgment, while correctly identifying the "crime" of which appellant was convicted as "attempted sexual battery," includes under "offense statute number(s)" only Section 794.011(2), Florida Statutes (1987) (capital sexual battery), omitting reference to the appropriate portion of the attempt statute, Section 777.04(4)(a). In addition, the Judgment incorrectly identifies the "degree of crime" as capital; attempted capital sexual battery is a first-degree felony. Accordingly, on remand the trial court shall correct these scrivener's errors as well. In all other respects, the judgment and sentence are affirmed.
SHIVERS, WOLF and WEBSTER, JJ., concur.