647 So.2d 272 (1994)
Billy ZEIGLER, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2612.
District Court of Appeal of Florida, Fourth District.
December 7, 1994.
Richard L. Jorandby, Public Defender, and Cherry Grant, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joan L. Greenberg, Asst. Atty. Gen., West Palm Beach, for appellee.
PARIENTE, Judge.
In this appeal from a judgment of conviction and sentence for attempted second-degree murder with a firearm and armed robbery, appellant, Billy Zeigler (defendant), raises four issues  two related to his convictions and two related to sentencing. We *273 affirm the convictions, but write to address the two issues relating to sentencing. The first issue, involving sentencing based on an incorrectly calculated scoresheet, requires we vacate the trial court's sentence and remand for resentencing under a corrected guideline scoresheet. The second issue, concerning conditions of probation, requires the striking of defendant's condition of probation prohibiting him from using intoxicants as improperly imposed.
First, defendant asserts that his conviction for attempted second-degree murder with a firearm was improperly scored as a first-degree felony punishable by life, rather than as a second-degree felony. The state concedes this error. We agree there was error in scoring, but do not agree the primary offense should have been scored as a second-degree felony.
In this case, in the "Primary Offense" category, the trial judge assessed defendant with 150 points, as though defendant had been convicted of a first-degree felony punishable by life imprisonment. Under defendant's assertion, the conviction for attempted second-degree murder should have been scored, as a second-degree felony, at 77 points. In fact, the attempted second-degree murder conviction should have been classified as a first-degree felony, and scored at 136 points, because of the enhancement for using a firearm.[1]
Although the trial judge used an improperly prepared scoresheet, he still sentenced defendant to a number of years in prison which is within the recommended guideline range. However, because the trial judge may have imposed a different sentence had he the benefit of a properly calculated scoresheet, defendant's sentence must be vacated. Dawson v. State, 532 So.2d 89 (Fla. 4th DCA 1988); see also Davis v. State, 493 So.2d 82 (Fla. 1st DCA 1986). On remand, the trial judge may resentence defendant, under the original terms, to two concurrent terms of 20 years in prison, followed by five years probation, as such a sentence is within the recommended guideline range. Accordingly, we vacate the sentence and remand for resentencing under a corrected guideline scoresheet.
Second, defendant contends the trial court erred by imposing two invalid conditions of probation. As part of his probation, the trial court ordered that defendant comply with the conditions that he refrain from using intoxicants and not visit places where controlled substances are unlawfully sold, dispensed or used. Neither of these conditions were orally pronounced in open court.
Preliminarily, a special condition of probation which is statutorily authorized, see, e.g., section 948.03, Florida Statutes (1991), may be included in a written order of probation without being orally pronounced at sentencing. Cumbie v. State, 597 So.2d 946, 947 (Fla. 1st DCA 1992); Tillman v. State, 592 So.2d 767, 768 (Fla. 2d DCA 1992). However, a special condition not statutorily authorized must be pronounced orally at sentencing before it may be included in the written probation order. Cumbie, 597 So.2d at 947.
The Florida Supreme Court has stated that, "[a] trial court has the authority to impose any valid condition of probation which would serve a useful rehabilitative purpose." Hines v. State, 358 So.2d 183, 185 (Fla. 1978). Trial courts have broad discretion to impose various conditions of probation, but a condition of probation cannot be imposed if it is not reasonably related to rehabilitation. Nank v. State, 646 So.2d 762 (Fla. 2d DCA 1994); Coulson v. State, 342 So.2d 1042, 1043 (Fla. 4th DCA 1977).
In determining whether a condition of probation is reasonably related to rehabilitation, a condition is invalid "if it (1) has no *274 relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality." Biller v. State, 618 So.2d 734 (Fla. 1993), quoting Rodriguez v. State, 378 So.2d 7, 9 (Fla. 2d DCA 1979).
We find that, in this case, condition eight, prohibiting defendant from visiting places where controlled substances are unlawfully sold, dispensed or used, is a valid condition of probation. See Nank; Tomlinson v. State, 645 So.2d 1 (Fla. 2d DCA 1994). Such a condition is a more explicit clarification of conduct prohibited under subsection 948.03(1)(i), Florida Statutes (1991), which states as an approved condition of probation that an offender may "not associate with persons engaged in criminal activities." This is a general condition that is valid and need not have been pronounced in open court. Accordingly, we approve of this condition.
Condition seven prohibits defendant from using intoxicants. This special condition was also not announced in open court; however, unlike condition eight, it does not comport with any of the statutory conditions of subsection 948.03(1). Nevertheless, rather than remand to the trial court for reimposition of this condition, as requested by the state, we strike the condition because it is overbroad and not tailored to prohibit criminal conduct. Further, we find nothing in the record to support the imposition of this condition as being related to the crimes for which defendant was convicted or reasonably related to defendant's rehabilitation. Mitsakos v. State, 579 So.2d 336 (Fla. 2d DCA 1991); see also Biller; Rodriguez.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
GLICKSTEIN and STEVENSON, JJ., concur.
NOTES
[1] Murder in the second-degree is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life. See § 782.04(2), Fla. Stat. (1993). Because defendant's offense was attempted murder in the second degree, the punishment is reduced to a felony of the second degree. See id. § 777.04(4)(d). Defendant's use of a firearm in the commission of the attempted offense reclassifies the offense to a felony of the first degree. See id. § 775.087(1)(b). The maximum sentence for this crime is thirty years' imprisonment. Id. § 775.082(3)(b). See Harris v. State, No. 93-2008, ___ So.2d ___ (Fla. 4th DCA Feb. 1, 1995).