650 So.2d 172 (1995)
Theodore JAWORSKI, a/k/a Theodore Williamson, Appellant,
v.
STATE of Florida, Appellee.
No. 93-3758.
District Court of Appeal of Florida, Fourth District.
February 8, 1995.
Richard L. Jorandby, Public Defender, Margaret Good-Earnest, Eric M. Cumfer and Steven Malone, Asst. Public Defenders, West Palm Beach, for appellant.
*173 Robert A. Butterworth, Atty. Gen., Tallahassee, and Georgina Jimenez-Orosa, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We affirm the conviction and sentence of appellant. We also affirm the condition of probation providing that appellant will not visit places where controlled substances are unlawfully sold, dispensed or used. This court recently held:
[C]ondition eight, prohibiting defendant from visiting places where controlled substances are unlawfully sold, dispensed or used, is a valid condition of probation. Such a condition is a more explicit clarification of conduct prohibited under subsection 948.03(1)(i), Florida Statutes (1991), which states as an approved condition of probation that an offender may "not associate with persons engaged in criminal activities." This is a general condition that is valid and need not have been pronounced in open court. Accordingly, we approve of this condition.
Zeigler v. State, 647 So.2d 272 (Fla. 4th DCA 1994); See also Tomlinson v. State, 645 So.2d 1 (Fla. 2d DCA 1994).
However, we strike the condition of probation stating that appellant will not use intoxicants to excess. Although included within the written order, this condition was not pronounced in open court and is not a statutory condition of probation. See Zeigler, 647 So.2d at 273 (citing Cumbie v. State, 597 So.2d 946, 947 (Fla. 1st DCA 1992)).
AFFIRMED IN PART; REVERSED IN PART.
DELL, C.J., and HERSEY and FARMER, JJ., concur.