POLEN, Judge.
Arthur Wyatt pled nolo contendere to a charge of selling cocaine and was sentenced to six months in jail followed by three years probation. As a condition of probation the trial court ordered Wyatt to pay $200.00 for the costs of prosecution. We reverse, as the trial court assessed the costs of prosecution without any evidence of the actual amount of such costs, or the defendant’s financial ability to pay the costs.
The trial court should have complied with section 939.01, Florida Statutes (1993), which provides in pertinent part:
The court in determining whether to order costs, and the amount of such costs, shall consider the amount of the costs incurred, the financial resources of the defendant, the financial needs and earning ability of the defendant, any and other factors as it deems appropriate.
See also Wheeler v. State, 635 So.2d 140 (Fla. 4th DCA 1994) (before prosecution costs can be imposed on defendant, state must demonstrate the amount spent on prosecuting defendant; and the trial court must consider the defendant’s financial resources); Smith v. State, 543 So.2d 348 (Fla. 5th DCA 1989) (state was required to demonstrate amount of cost of prosecution and trial court was required to consider financial resources of defendant, for trial court to be authorized to enter judgment for the costs of prosecution against defendant). Accordingly, we instruct the trial court to delete the $200.00 costs of prosecution as a condition of probation, or hold a hearing to determine the actual amount of such costs and the defendant’s ability to pay them.
HERSEY and GLICKSTEIN, JJ., concur.