658 So.2d 1185 (1995)
Donald HOLMES, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2179.
District Court of Appeal of Florida, Fourth District.
August 9, 1995.
*1186 Richard L. Jorandby, Public Defender, and David McPherrin, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Cobourn Asbury, Asst. Atty. Gen., West Palm Beach, for appellee.
STEVENSON, Judge.
Appellant, Donald Holmes, was convicted of aggravated battery and sentenced to 40.7 months incarceration, followed by three years probation. As special conditions of probation, Holmes was ordered to pay the costs of prosecution in the amount of $200, a public defender fee of $325, and $154 to the Indian River County Board of County Commissioners. The trial court also imposed a condition of probation which prohibited appellant from using intoxicants to excess. The state concedes that the condition of probation prohibiting appellant from using intoxicants to excess was not orally pronounced at trial and must be vacated. See Jaworski v. State, 650 So.2d 172 (Fla. 4th DCA 1995). Because there was no objection below, we affirm the imposition of the prosecution costs and public defender fees. Despite the lack of an objection, we reverse the costs payable to Indian River County because of the trial court's lack of statutory authority to impose them.
Appellant raises various challenges to the trial court's imposition of prosecution costs and public defender fees, including lack of notice and lack of proof. While some of appellant's arguments seemingly have merit, we do not consider them on appeal for the very simple reason that appellant failed to object when those costs were orally pronounced in open court by the trial judge. A defendant, represented by counsel, may not sit idly by in open court while fees or costs are improperly assessed by the trial judge, fail to raise any objection whatsoever to the imposition of those improper costs and then be heard to argue on appeal that the trial court committed reversible error in imposing those costs. See State v. Whitfield, 487 So.2d 1045, 1046 (Fla. 1986) ("Sentencing errors which do not produce an illegal sentence ... require a contemporaneous objection to be preserved for appeal.").
The contemporaneous objection rule applies to conditions of probation unless the conditions are so egregious as to be the equivalent of fundamental error or are illegal. Larson v. State, 572 So.2d 1368, 1370-71 (Fla. 1991); Devine v. State, 636 So.2d 179 (Fla. 5th DCA 1994); Watson v. State, 641 So.2d 432 (Fla. 5th DCA 1994); Sweet v. State, 644 So.2d 176 (Fla. 5th DCA 1994). The prosecution costs and public defender fees imposed as conditions of probation in this case are neither illegal nor so egregious as to amount to fundamental error, and are therefore, affirmed.
We strike the imposition of $154 in costs to the Board of County Commissioners of Indian River County because those costs were assessed without any citation to statutory authority in support of their assessment and the state has brought no such authority to the court's attention on appeal. "It is well established that a court lacks the power to impose costs in a criminal case unless specifically authorized by statute." Williams v. State, 596 So.2d 758 (Fla. 2d DCA 1992). Thus, the imposition of those costs are, in a sense, illegal.
AFFIRMED IN PART; REVERSED IN PART.
POLEN, J., and SCHAPIRO, SHELDON, M., Associate Judge, concur.