QUINCE, Judge.
Appellant, Troy Lee Hosie, challenges the restitution order entered after his convictions for burglary and grand theft. He also challenges some of his probation conditions and court costs. We affirm the restitution order but remand to the trial court to strike special conditions of probation not orally pronounced and to strike several court costs.
Condition (5) of the written conditions of probation requires that appellant not use intoxicants to excess and not visit places where intoxicants, drugs and other dangerous substances are illegally sold, dispensed or used. Condition (18) provides, in pertinent part, that appellant not consume or possess alcohol. Conditions involving the use of intoxicants and alcohol are special conditions of probation and must be orally pronounced. Tomlinson v. State, 645 So.2d 1 (Fla. 2d DCA 1994). Since these special conditions of probation involving intoxicants and alcohol were not orally pronounced, they must be stricken. That part of condition (5) prohibiting appellant from visiting places where certain drugs or other dangerous substances are unlawfully sold, dispensed or used is not a special condition of probation. This condition does not need to be orally pronounced because it is a general condition prohibiting association with persons engaged in criminal activities. Hann v. State, 653 So.2d 404 (Fla. 2d DCA 1995); Nank v. State, 646 So.2d 762 (Fla. 2d DCA 1994).
The trial court also erroneously assessed a “cost/fine” of $30.00 without statutory authority. Martin v. State, 640 So.2d 1241 (Fla. 2d DCA 1994). We strike this cost without prejudice for the state to seek reimposition with the citation to proper statutory authority. Lastly, we must strike the $2.00 assessment for costs pursuant to section 943.25(13), Florida Statutes (1993), because this discretionary cost was not orally pronounced during sentencing. Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995).
Accordingly, we affirm the order of restitution but remand to the trial court to strike the probation conditions concerning intoxicants and alcohol as described above and to strike the two erroneous assessments of costs.
CAMPBELL, A.C.J., and PARKER, J., concur.