PER CURIAM.
We affirm appellant’s conviction and sentence except for a portion of one special condition of probation which was not orally pronounced and should have been. The written order of probation includes two special conditions which were not orally pronounced. First, special condition three read: “[Y]ou will not possess, carry or own any firearm. You will not possess, carry or own any other weapons without first procuring the consent of your [Probation] Officer.” Second, special condition eight ordered that appellant not “visit places where controlled substances are unlawfully sold, dispensed or used.”
Appellant is a convicted felon, and as such he is prohibited by law from owning, possessing or controlling a firearm. § 790.23, Fla. Stat. (1993). This part of special condition three is a general condition which need not be orally pronounced at sentencing. Vasquez v. State, 663 So.2d 1343 (Fla. 4th DCA Oct. 26, 1995). However, the general prohibition of weapons other than a firearm in special condition three must be stricken since it was not orally pronounced. Id. at 1347. To this extent we reverse and remand with direction to strike only this portion of special condition three.
Special condition eight, prohibiting appellant from visiting places where controlled substances are unlawfully sold, dispensed, or used, is a “more explicit clarification of conduct prohibited under subsection 948.03(l)(i), Florida Statutes (1991).” Zeigler v. State, 647 So.2d 272, 274 (Fla. 4th DCA 1994). That section prohibits an offender from associating with persons engaged in criminal activities. This condition is valid, and need not be orally pronounced at sentencing. Id. at 274.
GUNTHER, C.J., and GLICKSTEIN and FARMER, JJ., concur.