PER CURIAM.
The defendant contends that the trial court erred (1) in sentencing her to one year of probation by enhancing her penalty from a second degree misdemeanor to a first degree misdemeanor, (2) in imposing investigative costs where the court failed to determine her ability to pay, and (3) in assessing court costs of $116.00, which exceeds the statutory maximum of $60.00. As the state concedes error on all points, the sentence is reversed and remanded.
First, the trial court is instructed to reduce the sentence to six months probation — the maximum probationary sentence for petit theft. § 948.16(1), Fla.Stat. (1993). Arnold v. State, 627 So.2d 1177 (Fla. 4th DCA 1993). Next, The right to appeal the investigative costs cannot be waived by the defendant’s failure to object. Beckford v. State, 667 So.2d 1007 (Fla. 3d DCA 1996); Burdo v. State, 667 So.2d 874 (Fla. 3d DCA 1996); Blanco-Diaz v. State, 618 So.2d 370 (Fla. 3d DCA 1993). Since the probationary term has expired, and the trial court no longer has jurisdiction to decide the appropriateness of investigative costs, the investigative costs are stricken. Finally, the court costs are to be reduced to the statutory maximum of $50.00. § 27.3455(l)(b) Fla.Stat. (1993).
Reversed and remanded with directions.