676 So.2d 7 (1996)
Jean Claude NORMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 95-0892.
District Court of Appeal of Florida, Fourth District.
May 15, 1996.
Rehearing, Certification of Conflict, and Certification of Questions Denied July 29, 1996.
*8 Richard L. Jorandby, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sharon A. Wood, Assistant Attorney General, West Palm Beach, for appellee.

EN BANC
PARIENTE, Judge.
Defendant appeals from a judgment of conviction and sentence for grand theft on the sole basis that the trial court erred in imposing a $50 cost of prosecution as a special condition of probation. Because defendant failed to preserve this issue by objecting at the time of sentencing despite being given notice and an opportunity to be heard, we affirm.
After entering a plea of nolo contendere to grand theft, defendant, represented by counsel, appeared before the trial court for sentencing. Defendant had been provided with notice of the state's intent to seek costs of prosecution pursuant to section 939.01, Florida Statutes (1993). At the hearing, the following exchange took place between the trial court and defendant:
THE COURT: Is there any reason I should not enter a judgment for $200 attorney's fees, $255 statutory court costs and $50 cost of prosecution fee?
DEFENDANT: No, sir.
The record further reflects that no objection was ever made by defense counsel to the imposition of the $50 cost of prosecution.
Defendant now attacks the $50 cost of prosecution, arguing that there was no evidence that he had the ability to pay, that the state failed to carry its burden of proving the amount of costs and that the $50 assessment is an improper attempt to reimburse the state for its attorney's fees. We do not address the merits of these arguments because of defendant's failure to object.
Having been provided with notice and an opportunity to be heard, defendant agreed to the imposition of all costs, failed to object to the amount and failed to present evidence of his inability to pay. By not objecting to the imposition of the cost of prosecution, defendant did not adequately preserve this issue for appeal. See Holmes v. State, 658 So.2d 1185 (Fla. 4th DCA 1994); Mills v. State, 642 So.2d 145 (Fla. 4th DCA 1994); Thomas v. State, 633 So.2d 1122 (Fla. 5th DCA 1994). In Holmes we declined to consider the defendant's various challenges to the trial court's imposition of prosecution costs and public defender fees "for the very simple reason that appellant failed to object when those costs were orally pronounced in open court by the trial judge." 658 So.2d at 1186. As we observed in Holmes:
A defendant, represented by counsel, may not sit idly by in open court while fees or costs are improperly assessed by the trial judge, fail to raise any objection whatsoever *9 to the imposition of those improper costs and then be heard to argue on appeal that the trial court committed reversible error in imposing those costs.
Id.
This would be the end of our opinion, but for our opinion in Gant v. State, 640 So.2d 1180 (Fla. 4th DCA 1994). In Gant we reversed the imposition of prosecution costs despite defendant's failure to preserve the issue by objecting. In that case the state filed notice of intent to seek costs of prosecution, but did not document the amount of the costs. In reversing, despite the lack of a contemporaneous objection, our court stated that the trial court should not have imposed those costs without considering the state's expenses or the defendant's ability to pay. Our opinion in Gant conflicts with our subsequent opinions in Mills and Holmes.
As authority for reversal, Gant cited both the statute, §§ 939.01(5), (6), Fla.Stat. (1993), and the fifth district's decision in Smith v. State, 543 So.2d 348 (Fla. 5th DCA 1989). While Smith properly construed section 939.01 to authorize the assessment of costs of prosecution only if the state demonstrates the amount and the trial court considers defendant's financial resources, Smith does not mention whether or not a contemporaneous objection was interposed. If the fifth district reversed in Smith absent objection, then its subsequent holding in Thomas, which required a contemporaneous objection, would be in direct conflict.
We further disagree with the dicta in the first district's opinion in Smith v. State, 606 So.2d 427 (Fla. 1st DCA 1992), review denied, 618 So.2d 211 (Fla.1993), in which the court opined that, although an objection had been made to the imposition of costs of prosecution, the contemporaneous objection rule was "probably" inapplicable to claims of error arising during sentencing. The first district cited to State v. Rhoden, 448 So.2d 1013, 1016 (Fla.1984), in support of its statement.
Rhoden contains the following broad statement apparently relied on by the first district in Smith:
The primary purpose of the contemporaneous objection rule is to ensure that objections are made when the recollections of witnesses are freshest and not years later in a subsequent trial or a post-conviction relief proceeding. The purpose for the contemporaneous objection rule is not present in the sentencing process because any error can be corrected by a simple remand to the sentencing judge. If the state's argument is followed to its logical end, a defendant could be sentenced to a term of years greater than the legislature mandated and, if no objection was made at the time of sentencing, the defendant could not appeal the illegal sentence.
Rhoden, 448 So.2d at 1016. Rhoden involved the failure to set forth written reasons for sentencing the juvenile defendant as an adult in contravention of a statute mandating written findings. Our supreme court observed that it is difficult, if not impossible, to contemporaneously object to the absence of a written order at the sentencing hearing because counsel does not know to a certainty what the written sentence might be or whether a written order might subsequently be filed.
Despite the first district's reliance thereon, the Rhoden dicta does not stand for the proposition that all sentencing errors may be raised on appeal without contemporaneous objection. In State v. Whitfield, 487 So.2d 1045 (Fla.1986), receded from on other grounds, Davis v. State, 661 So.2d 1193 (Fla. 1995), our supreme court specifically stated the opposite: "Sentencing errors which do not produce an illegal sentence or an unauthorized departure from the sentencing guidelines still require a contemporaneous objection if they are to be preserved for appeal." Id. at 1046; accord Larson v. State, 572 So.2d 1368 (Fla.1991) (contemporaneous objection not applicable to illegal conditions of probation). See also Walker v. State, 462 So.2d 452, 454-55 (Fla.1985) (Shaw, J., concurring).
In Whitfield our supreme court explained that Rhoden, Walker v. State, 462 So.2d 452 (Fla.1985), and State v. Snow, 462 So.2d 455 (Fla.1985), all involved instances where the trial court sentenced the defendants in reliance on a specific statute, but failed to make the mandatory findings required by statute *10 as a prerequisite to sentencing. An alternative explanation for the reversal in Rhoden, Walker and Snow was that, in the absence of the statutorily mandated findings, the sentences were illegal because "there was no statutory authority for the sentences." Whitfield, 487 So.2d at 1046.
In Dailey v. State, 488 So.2d 532 (Fla. 1986), our supreme court further clarified its broad statement in Rhoden by holding that where the asserted error in sentencing involves factual matters not apparent or determinable from the record on appeal, a contemporaneous objection was required to preserve the issue for appeal. In Dailey the claimed error was the improper addition of points to the guidelines scoresheet. Affirming the first district's refusal to consider the error on appeal, 471 So.2d 1349 (Fla. 1st DCA 1985), our supreme court explained that in Rhoden, Walker and Snow all the errors were "apparent and determinable from the record before the appellate court because all three cases involved the mandatory duty of the trial court to make affirmative findings on the record, which findings were not made." Dailey, 488 So.2d at 533. See also Davis, 661 So.2d at 1197; Taylor v. State, 601 So.2d 540 (Fla.1992); Forehand v. State, 537 So.2d 103, 104 (Fla.1989). In contrast, the errors in Dailey required an evidentiary determination which, therefore, were subject to the contemporaneous objection requirement.
The imposition of an unobjected-to judgment for the costs of prosecution authorized by statute, where there has been prior notice to defendant and an opportunity to be heard, falls within the category of cases requiring a contemporaneous objection because we are not confronted with an illegal sentence and because the resolution requires evidentiary determination. See Davis. In fact, in Spivey v. State, 531 So.2d 965, 966 n. 2 (Fla. 1988), our supreme court noted that defendant had waived his right to challenge the restitution order on the grounds of inability to pay by failing to object and present evidence of his inability to pay the ordered restitution. Cf. Wood v. State, 544 So.2d 1004 (Fla.1989) (requirement that defendant receive adequate notice of assessment of costs is founded upon constitutional rights of due process and therefore error may be raised on appeal without contemporaneous objection).
Section 939.01, governing costs of prosecution, imposes no mandatory duty of the trial court to make affirmative findings before ordering costs of prosecution. The issues of documentation of costs and ability to pay are evidentiary matters. Section 939.01(6) places the burden of demonstrating the amount of prosecution costs on the state and the burden of demonstrating the financial resources and financial needs on the defendant when there is "any dispute as to the proper amount or type of costs ordered." When a defendant agrees to the amount of costs or alternatively does not object, the trial court can safely assume there is no dispute; hence, there is no evidentiary matter to resolve.
There is every reason to enforce the contemporaneous objection requirement in this context. If an objection had been lodged to the failure of proof at the time of the hearing, the prosecution could have supplied the documentation requested in a timely fashion. If defendant desired that his ability to pay be considered, all that was required was for him to speak out and the trial court would have considered his financial resources or lack thereof in accordance with the dictates of the statute.
Where a defendant has been provided with notice and an opportunity to be heard, but elects not to object to the amount imposed or the failure of the state to document costs or elects not to present evidence to the trial court on his inability to pay, a defendant may not subsequently appeal the imposition of costs of prosecution to this court. Accordingly we recede from our contrary holding in Gant.
AFFIRMED.
GUNTHER, C.J., and GLICKSTEIN, DELL, STONE, WARNER, POLEN, FARMER, KLEIN, STEVENSON, SHAHOOD and GROSS, JJ., concur.