PER CURIAM.
Appellant, Luis Moreno (the “defendant ’), appeals his conviction and sentence for six counts of petit theft, claiming that he lacked the requisite intent. We affirm.
Under Florida law, an individual commits theft if he knowingly obtains, uses, or attempts to obtain or to use, another’s property with the intent to temporarily or permanently (a) deprive the other person of the property or its benefit, or (b) take the property for his own use or the use of an unauthorized person. § 812.014(1), Fla.Stat. (1995).
Here, the State presented sufficient evidence for the jury to determine that the defendant possessed the requisite statutory intent to commit theft and, consequently, the trial court did not err in denying the defendant’s motion for acquittal. See Rogers v. State, 660 So.2d 237, 241 (Fla.1995) (motions of acquittal should only be granted when there is no view of the evidence which supports the party opposing the movant)(citing Taylor v. State, 583 So.2d 323, 328 (Fla.1991)); Lynch v. State, 293 So.2d 44, 45 (Fla.1974) (where reasonable people can differ on the question of intent, the determination of intent is properly left to the jury).
Regarding the alleged error in the defendant’s sentence, Section 948.15(1), Florida Statutes (1995), states that a defendant convicted of a second degree misdemeanor may receive up to a six month probationary period. The trial court, therefore, did not err in sentencing the defendant to incarceration and six months of probation. See Merrett v. State, 670 So.2d 1055 (Fla. 3d DCA 1996). Accordingly, the defendant’s sentence and conviction are affirmed in all respects.
Affirmed.