PER CURIAM.
The state charged Edwin Roldan with one count of aggravated battery, § 784.045, Fla. Stat.(1991), and Roldan pled guilty. At Rol-dan’s sentencing hearing, the prosecutor informed the court: “I’m seeking the transportation cost of $1,100.40. In addition to that, $2,031 in restitution to [the victim] for medical costs; cost of prosecution in the amount of $50; cost of investigation in the amount of $100.” The court asked Roldan’s counsel, “[a]re there any objections to the costs, Mr. Margalli?” and defense counsel responded, “No objection, Your Honor.”
Prosecution and investigation costs are to be imposed subsequent to a trial court’s consideration of a defendant’s financial resources and needs. Beckford v. State, 667 So.2d 1007 (Fla. 3d DCA 1996); Burdo v. State, 667 So.2d 874 (Fla. 3d DCA 1996); Blanco-Diaz v. State, 618 So.2d 370 (Fla. 3d DCA 1993). § 939.01(5), Fla. Stat. (1995). See also Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994); Tennie v. State, 593 So.2d 1199 (Fla. 2d DCA 1992). Furthermore, this court has stated, “[t]he right to appeal the investigative costs cannot be waived by the defendant’s failure to object.” Merrett v. State, 670 So.2d 1055, 1056 (Fla. 3d DCA 1996).
*1030 Here, however, defense counsel affirmatively indicated that he had no objection to the costs imposed. As was the ease in Norman v. State, 676 So.2d 7 (Fla. 4th DCA 1996), this defendant was provided with notice and an opportunity to be heard and affirmatively agreed to the imposition of costs, failed to object to the amount and failed to present evidence of his inability to pay. Under these circumstances, relying on the analysis in Norman, we conclude the defendant did not adequately preserve this issue for appeal. See Norman and cases cited therein.
We find the remainder of the points raised likewise without merit. The arguments made at Roldan’s sentencing hearing that he was a drug abuser and that he had acted, in part, in fear for his own safety, were raised only in the context of lowering defendant’s sentence, and were not perceived by anyone, including Roldan’s own counsel, as reasons not to go forward with the plea. Roldan clearly stated that the plea had been explained to him and that he agreed to it because it was in his best interest.
Accordingly, the order under review is affirmed.