PER CURIAM.
Appellant pled no contest to ten counts of bookmaking and was placed on probation. At sentencing, the trial court orally pronounced that, as conditions of her probation, Appellant was to receive an alcohol/drug evaluation followed by any recommended treatment, that she attend a minimum of three AA/NA meetings per week, and that she submit to periodic urinalysis as directed by her probation officer. The court further directed Appellant not to consume any alcoholic beverages while on probation. No objections were made to these conditions.
The above conditions were included in the written order of probation, together with an additional term, not orally pronounced at sentencing, prohibiting Appellant from entering any establishment where the primary business is the sale or service of alcoholic beverages.
The trial court erred in imposing a written condition of probation which was not orally pronounced at sentencing. Because the condition prohibiting Appellant from entering establishments whose primary business is the sale of alcoholic beverages is a special condition not statutorily authorized under sections 948.03-.04, Florida Statutes, it must be orally pronounced at sentencing in order to be valid. State v. Hart, 668 So.2d 589 (Fla.1996); Zeigler v. State, 647 So.2d 272 (Fla. 4th DCA 1994); Peterson v. State, 645 *1370 So.2d 84 (Fla. 2d DCA 1994). Therefore, we order the condition struck from the order of probation. Zeigler, 647 So.2d at 274; Hosie v. State, 661 So.2d 909 (Fla. 2d DCA 1995).[1]
We do not consider Appellant’s contention that the trial court erred in imposing the remaining conditions of probation as Appellant failed to object to imposition of these conditions. This court recognized in Holmes v. State, 658 So.2d 1185 (Fla. 4th DCA 1995), that “[t]he contemporaneous objection rule applies to conditions of probation unless the conditions are so egregious as to be the equivalent of fundamental error or are illegal.” Id. at 1186. In the instant case, the conditions complained of are neither illegal nor does their imposition constitute fundamental error. Devine v. State, 636 So.2d 179 (Fla. 5th DCA 1994).
STONE, SHAHOOD, JJ., and RAMIREZ, JUAN, Jr., Associate Judge, concur.

. We also note that nothing in the record supports the condition as being related to the crimes for which Appellant pled no contest, nor does the record indicate that the condition is reasonably related to her rehabilitation.