687 So.2d 832 (1996)
M.C., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 96-0084.
District Court of Appeal of Florida, Fourth District.
December 4, 1996.
As Modified on Grant of Clarification February 19, 1997.
*833 Richard L. Jorandby, Public Defender and David McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
OFTEDAL, RICHARD L., Associate Judge.
Appellant, M.C., a child, appeals from an order adjudicating him delinquent for disorderly conduct. For the reasons which follow, we reverse and remand for new proceedings.
At the adjudicatory hearing, Appellant was represented by a certified legal intern under the supervision of an assistant public defender. Contrary to required procedure, it appears from the record that the court never conducted an oral inquiry of Appellant concerning his decision to allow for a certified legal intern to represent him at trial. R.M. v. State, 664 So.2d 42, 43 (Fla. 4th DCA 1995.) Neither does it appear that Appellant ever executed a written waiver of his right to be represented by an attorney and his consent to be represented by a certified legal intern. In Interest of J.H., 596 So.2d 453 (Fla.1992).
The State argues that any mistake was self-inflicted and that under the rule of invited error Appellant ought not be allowed to take advantage of an error which he himself induced. It is the State's contention that it was the responsibility of the supervising attorney or the Office of the Public Defender which was appointed to represent Appellant to ensure that a written waiver was obtained and that in the absence of such a waiver, the Office of the Public Defender should not have allowed Appellant to be represented by the certified intern. While we believe that the supervising attorney has some responsibility as an Officer of the Court not to knowingly permit and allow for the representation of Appellant by a certified legal intern until and unless the required waiver and consent was obtained, we do not believe such an error to be the fault of the Appellant who, as has been shown, was never fully apprised of his rights.
We find further error on the part of the trial court in failing to indicate, either in the written order or at the adjudicatory hearing, specific reasons for adjudicating Appellant delinquent as required by statute.[1] The State's argument that this issue was not properly preserved for appeal because it was not raised in the trial court is without merit for several reasons. First, the contemporaneous objection rule is inapplicable in instances such as this where the trial court's error in failing to state specific reasons for adjudicating Appellant delinquent is apparent from the record. Norman v. State, 676 So.2d 7, 9-10 (Fla. 4th DCA 1996) (citing State v. Rhoden, 448 So.2d 1013, 1016 (Fla. 1984)). Second, Appellant could not have been expected to make a contemporaneous objection at the adjudicatory hearing because the trial court could have satisfied the statutory requirement in a subsequent written order. Id.
Accordingly, the order under review is reversed and the cause is remanded to the trial court for a new adjudicatory hearing.
REVERSED AND REMANDED.
GLICKSTEIN and DELL, JJ., concur.
NOTES
[1] Section 39.052(4)(e)1, Florida Statutes (1995), states:

If the court determines that the child should be adjudicated as having committed a delinquent act and should be committed to the department, such determination shall be in writing or on the record of the hearing. The determination shall include a specific finding of the reasons for the decision to adjudicate and to commit the child to the department.