841 So.2d 644 (2003)
HILLSBOROUGH COUNTY, a political subdivision of the State of Florida, Appellant,
v.
Mark J. ALBRECHTA, Esquire, In re Ali Z. Ford, Appellee.
No. 2D02-547.
District Court of Appeal of Florida, Second District.
April 4, 2003.
Emeline C. Acton, County Attorney, and Robert E. Brazel, Senior Assistant County Attorney, Tampa, for Appellant.
Mark J. Albrechta, Tampa, for Appellee.
DAVIS, Judge.
Hillsborough County challenges the circuit court order approving payment by the County of Mark Albrechta's fees incurred as court-appointed counsel in a Marchman Act proceeding. We affirm.
Section 43.28, Florida Statutes (2000), provides, "The counties shall provide appropriate courtrooms, facilities, equipment, and, unless provided by the state, personnel necessary to operate the circuit and county courts."
The Florida Supreme Court has interpreted this statute to mean:
[W]hen appointment of counsel is constitutionally required to represent an indigent, the case cannot proceed without such an appointment; consequently, such counsel is "personnel necessary" to operate the court. In such an instance, the trial court may require the county to pay appropriate attorney's fees for such representation absent any other statutory provision.
In re D.B., 385 So.2d 83, 93 (Fla.1980); see also In re R.W., 409 So.2d 1069, 1070-71 (Fla. 2nd DCA 1981).
Accordingly, the issue before us in the instant case is whether appointment of counsel is constitutionally required in Marchman Act proceedings. While Florida's district courts and supreme court have not directly addressed this question, the United States Supreme Court has recognized that involuntary commitment triggers due process protections. See Vitek v. Jones, 445 U.S. 480, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980); see also § 397.501(8), Fla. Stat. (2000) (including the right to counsel as one of the enumerated rights of respondents in Marchman Act proceedings). *645 Because due process is implicated, we conclude that a defendant has a constitutional right to be represented by counsel in Marchman Act proceedings. Accordingly, pursuant to section 43.28 and In re D.B., the trial court here was right for the wrong reasons, see Applegate v. Barnett Bank, 377 So.2d 1150, 1152 (Fla.1979); see also Schuette v. State, 822 So.2d 1275 (Fla. 2002), and did not err in requiring the County to pay Albrechta's fees.
Affirmed.
ALTENBERND, C.J., and NORTHCUTT, J., Concur.