973 So.2d 1285 (2008)
C.B. A Child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-2137.
District Court of Appeal of Florida, Fourth District.
February 20, 2008.
Carey Haughwout, Public Defender, and Elisabeth Porter, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellee.
MAY, J.
A juvenile appeals a disposition order entered following an adjudicatory hearing on the charge of resisting an officer without violence. He argues that the order must be reversed because he was represented by a certified legal intern, but the record does not contain an executed written consent form verifying his acceptance of representation by the intern. We agree and reverse.
In R.M. v. State, 664 So.2d 42, 43 (Fla. 4th DCA 1995), we held that the lack of a written consent to representation by a certified legal intern is fatal. See also L.R. v. State, 698 So.2d 915, 916 (Fla. 4th DCA 1997) (reversing an adjudication because the written consent form contained the wrong name of the certified legal intern); M.C. v. State, 687 So.2d 832, 833 (Fla. 4th DCA 1997) (reversing an adjudication because the juvenile did not execute a written waiver of his right to be represented by an attorney). The outcome here must be the same even though it appears that the supervising attorney was present and actively participated in the defense of the juvenile.
Reversed and remanded.
STONE and POLEN, JJ., concur.