974 So.2d 625 (2008)
Derek Thomas CHAPMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-548.
District Court of Appeal of Florida, Fourth District.
February 27, 2008.
*626 Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Sue-Ellen Kenny, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
Appellant, Derek Chapman, timely appeals the assessment of costs and fees against him associated with the state's prosecution of him under the Involuntary Civil Commitment of Sexually Violent Predators Act, also known as the Jimmy Ryce Act. He argues that there is no authority for the assessment of costs and fees. We agree and reverse.
The state sought involuntary commitment of Chapman to the custody of the Department of Children and Families as a sexually violent predator pursuant to the Jimmy Ryce Act. See §§ 394.910-394.932, Fla. Stat. The court found Chapman indigent and appointed a public defender to represent him. After the jury verdict finding him to be a sexually violent predator and committing him to the DCF, the court assessed fees and costs in the amounts of $18,514.37. Defendant appeals this assessment.
There is no statutory authority to impose costs and fees for a prosecution under the Sexually Violent Predators Act. In fact, the Department of Children and Family Services is responsible for all costs. § 394.929, Fla. Stat. Although a defendant is entitled to counsel, and the court is required to appoint counsel, there is no provision for a lien for repayment, as there is upon a criminal conviction. See § 938.29, Fla. Stat.
In the criminal law, "Mt is well established that a court lacks the power to impose costs in a criminal case unless specifically authorized by statute." Holmes v. State, 658 So.2d 1185, 1186 (Fla. 4th DCA 1995) (quoting Williams v. State, 596 So.2d 758, 758 (Fla. 2d DCA 1992)). While Jimmy Ryce proceedings are civil, the constitutional requirement of counsel is imposed because involuntary commitment triggers due process protections. See Hillsborough County v. Albrechta, 841 So.2d 644 (Fla. 2d DCA 2003) (applying right to counsel to Marchman Act proceedings). Thus, the involuntary nature of the proceedings makes the counsel appointment similar to the appointment in, criminal proceedings. Because of this, we apply Holmes and conclude that the trial court lacks the power to impose costs or fees in a Jimmy Ryce proceeding, because the authority to tax them as costs against the involuntarily *627 committed defendant is not authorized by statute.
Reversed.
FARMER and GROSS, JJ., concur.