DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JACQUELINE RIVERA,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D21-1786

[March 30, 2022]

Appeal from the County Court for the Nineteenth Judicial Circuit, St. Lucie County; Kathryn M. Nelson, Judge; L.T. Case No. 2019MM000691 A.

Carey Haughwout, Public Defender, and Elijah Giuliano, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant appeals her conviction of battery, raising several issues. We find that appellant's constitutional right to a unanimous jury verdict was not violated because the incident involved a single criminal episode. *Cherfrere v. State*, 277 So. 3d 611, 614-15 (Fla. 4th DCA 2019). Thus, no error occurred, fundamental or otherwise. We agree with appellant that the trial court lacked jurisdiction to file its written order of probation after the record had been transmitted on appeal and, therefore, we remand for reentry of the written order of probation. Fla. R. App. P. 9.600(a); *Escobar v. State*, 189 So. 3d 1029, 1031 (Fla. 4th DCA 2016); *Witham v. State*, 311 So. 3d 34, 34 (Fla. 4th DCA 2021).

Additionally, we find that the five conditions appellant challenges were general conditions of probation and thus did not require oral pronouncement. *State v. Hart*, 668 So. 2d 589, 592 (Fla. 1996); *Metellus v. State*, 310 So. 3d 90, 92 (Fla. 4th DCA 2021). These conditions required that appellant pay supervisory costs; not change her residence, phone number, employment, or leave the jurisdiction of the court

without consent; notify her probation officer of arrests, citations, and notices to appear; not report for appointments under the influence; and not consume illegal substances or visit places where illegal substances are sold, dispensed, or used. We agree, however, that the trial court erred in imposing supervision costs above $40 in the absence of an oral pronouncement. As such, we reduce the cost of supervision to $40 a month. *Paris v. State*, 47 Fla. L. Weekly D445 (Fla. 4th DCA Feb. 16, 2022); § 948.09(1)(b), Fla. Stat. (2020).

We further find that appellant waived her right to challenge the $196 transcript fee and $500 public defender fee, as defense counsel specifically requested both these fees during the sentencing hearing in appellant's presence without objection. *See Kitchen v. State*, 965 So. 2d 252, 253 (Fla. 4th DCA 2007) (finding waiver based on defense counsel's affirmative agreement). An award of public defender fees need not be supported by evidence if a defendant affirmatively agrees to pay the requested amount. *Icon v. State*, 322 So. 3d 117, 119 (Fla. 4th DCA 2021). Here, appellant affirmatively agreed to the fees through her counsel. Any act by the attorney in a proceeding will be accepted as the act of the client. Fla. R. Gen. Prac. & Jud. Admin. 2.505(h); *see also State v. Abrams*, 350 So. 2d 1104, 1105 (Fla. 4th DCA 1977) ("The acts of an attorney on behalf of a client will be binding on the client even though done without consulting him and even against the client's wishes."); *Roldan v. State*, 676 So. 2d 1029, 1030 (Fla. 3d DCA 1996) (finding defendant did not preserve challenge to costs where "defense counsel affirmatively indicated that he had no objection to the costs imposed"). Any claim of insufficient evidence under section 938.29(1)(a), Florida Statutes (2020), or lack of notice of the right to a hearing under Florida Rule of Criminal Procedure 3.720(d)(1) was invited error more appropriately addressed in a rule 3.850 motion. *See Louidor v. State*, 162 So. 3d 305, 313 (Fla. 3d DCA 2015).

We agree that the basis for a $223 "MM cost" is unclear from the record and thus remand for clarification. *Colebrook v. State*, 320 So. 3d 787, 788 (Fla. 4th DCA 2021). We strike the $25 investigative costs because the state did not request such costs prior to the judgment. § 938.27(1), Fla. Stat. (2020). In accordance with *Richards v. State*, 288 So. 3d 574, 576-77 (Fla. 2020), the state is not permitted to seek this cost on remand. We reverse the $100 prosecution costs, because the state did not seek or prove costs above the statutory maximum of $50. § 938.27(8), Fla. Stat. (2020). We therefore remand for the trial court to impose $50 in prosecution costs in accordance with the statute, or to impose additional costs if sufficient findings are made. *Bartolone v. State*, 327 So. 3d 331, 336 (Fla. 4th DCA 2021).

In summary, we affirm the probation conditions except we remand for reentry of the written order of probation. We reduce the cost of supervision to $40 a month; remand for clarification of the $223 "MM cost"; strike the investigative cost; and reverse the $100 prosecution cost and remand for entry of a $50 prosecution cost unless the state seeks and proves a greater amount.

*Affirmed in part, reversed in part, and remanded with instructions.*

WARNER, LEVINE and KLINGENSMITH, JJ., concur.

\*　　\*　　\*

**Not final until disposition of timely filed motion for rehearing.**

3